## JOSEPH A. FORTIN *vs.* INHABITANTS OF EASTHAMPTON.

Hampshire.    September 21. — October 22, 1886.

A notice to a town, by a person who has been injured by a defect in a way, stating that, " since falling on the sidewalk in front of the Button shop " on a day named, " I have been unable to work," and " request a settlement," sufficiently designates the cause of the injury, under the Pub. Sts. c. 52, § 19, as amended by the St. of 1882, c. 36.

In an action against a town for personal injuries occasioned by a defect in a way, evidence of a conversation between the plaintiff, who has given a written notice to the town, and a selectman, in which conversation the latter is informed of the time, place, and cause of the accident, is admissible, for the purpose of showing that the town was not misled by the notice, within the St. of 1882, c. 36.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in Easthampton. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that the following notice, dated March 10, 1885, ad-dressed to the selectmen of the town, and signed by the plaintiff, was sent by the plaintiff to the selectmen, and received by them: "Since falling on the sidewalk in front of the Button shop, Feb. 25th last, I have been unable to work, and am now under the doctor's care, and I hereby notify you to that effect. I request a settlement in some way. Please attend to the matter at once."

The plaintiff, against the defendant's objection, testified as follows: "After the notice was given, Mr. Bosworth, one of the selectmen, called to see me, on Friday, March 13. He said, 'We have got your notice, and I came over to see you, and see what you want to do, — how you want to settle with the town.' I told him I did not want to make any money out of the town, but if I could get my wages and doctor's bill till my leg got as well as it was before, I should be satisfied. He said they could hardly do that, — they would not be allowed to do it; and asked, 'What would you settle for cash?' I said, 'I cannot tell how long I shall be laid up with this leg, and you cannot tell; but I will send for my doctor and ask him about my leg, and you can do the same, and we will see what he says about it.' He said, 'Where was it you fell?' I said, 'I fell right in front of the Button shop.' He asked when it was, and I told him, February 25; he asked what time, and I said about seven o'clock in the evening. He said, 'Where were you going?' I told him I was going up town after a tea-kettle at the tin shop; that I came in front of the Button shop, walking carefully, when all at once my foot slipped from under me, and I fell, my knee striking on the edge of the ice; that I looked, and saw there was a hole in the sidewalk; that my knee struck on the edge of the hole; that I got up and walked up town and did my business and went home, and I noticed the sidewalk as I came back home; it was still light enough. I told Mr. Bosworth it was between the two gates, the gates where the help go in and the office gate, and nearest to the gate where the help go in. These two gates are about forty or forty-five feet apart. He did not ask me anything

further about it. I did not intend to mislead the selectmen about the time, place, or cause of the injury. I intended to let them know all about it. Mr. Bosworth did not say anything about being misled by the notice; he said he got the notice, and came over to see what settlement I wanted to make; that the selectmen were going to have a meeting that night, and he was going to bring it up. I had seen Mr. Ludden, another of the selectmen, on March 7; that was before I gave the notice. He came in and said, 'You sent for me;' and I said, 'Yes, sir.' He said, 'What do you want?' I said, 'I got hurt on the sidewalk on February 25, and I want to see if I cannot get something for it.' He asked where I got hurt, and I told him in front of the Button shop. He asked if there was ice on the sidewalk, and I told him there was a good deal of it, — three or four inches of ice; that the walk was dug up, and there were holes in the ice; that I was going up town, walking along, and the first thing I knew I was on my hands and knees, and I looked down and I saw there was a hole left where the ice had been dug out, and when I fell I struck my knee on the edge of it. Mr. Ludden said the Button shop folks generally kept their walk pretty clean. I told him where the place was. I told him it was between the two gates, nearest the gate where the help went in. Neither Mr. Bosworth nor Mr. Ludden said to me that they did not know how and where it was I got hurt."

The plaintiff admitted that the walk where he fell was a concrete sidewalk, well wrought, smooth, and level; and that the only defect consisted of the holes in the ice accumulated on the walk, which holes appeared to have been made in attempting to clear the ice from the walk, the walk itself having no holes in it.

. It was agreed that Bosworth and Ludden were, at the time above referred to, two of the three selectmen of the town; and that the Button shop was a building about one hundred and forty feet long and situated on Union Street in said town.

The wife of the plaintiff testified, against the objection of the defendant, as to the conversations between her husband and Ludden and Bosworth, in substance the same as testified to by the plaintiff.

The judge ruled that the writing sent by the plaintiff to the selectmen was insufficient in law as a notice under the statute,

or as a notice of the place or cause of the injury complained of; and that it was not cured by the St. of 1882, c. 36, or by the statute in connection with the uncontradicted evidence introduced by the plaintiff; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*D. W. Bond,* (*J. B. O'Donnell* with him,) for the plaintiff.

*W. G. Bassett,* for the defendant.

HOLMES, J. The notice was not sufficient to satisfy the Pub. Sts. c. 52, § 19, because it did not properly state the cause of the damage, if for no other reason. The defendant argues, that there was a total failure to state any cause, that such a total omission cannot be called an "inaccuracy in stating the cause," and therefore that the plaintiff is not helped by the St. of 1882, c. 36.* But a majority of the court are of opinion that the argument, as applied to this case, construes the statute too narrowly. When a man states that he was hurt by falling on a sidewalk, and that he demands damages for it, he does imply, although indirectly and insufficiently, that there was something for which the town was responsible as the cause of the damage, and thus that there was something wrong about the way. And this is true, even though the reference to falling is, primarily at least, only for the purpose of fixing a time. It is hard to suppose that the statute intends to cure a misstatement of the cause, which, on the face of things, is more likely to mislead than no statement at all, and yet to allow a simple omission to remain fatal. However this may be, a very slight suggestion of the cause will be sufficient when the conditions of the statute are complied with.

The evidence of the conversations was admissible, not for the purpose of supplementing the written notice, but for the purpose of showing that the town was not misled. It warranted that inference, and, if the inference was drawn, the defect in the notice was cured. *Exceptions sustained.*

---

* This act amends § 19 of the Pub. Sts. c. 52, by adding: "But no notice given under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury: provided, that it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."