HENRY KLINGMAN, Appellant, v. MADISON COUNTY, IOWA, Appellee.

**Municipal corporations:** COUNTIES: ' LIABILITY FOR INJURIES: NOTICE.
1  The notice required by statute to be served upon a county before bringing suit for injuries sustained by reason of defects in a county bridge is not jurisdictional, but is a condition precedent to the action, and for the purpose of giving the county an opportunity to investigate the matter while the facts are fresh; and where the notice as given served this purpose, and the board, acting upon the notice, investigated and rejected the claim, it was sufficient, though addressed to the county auditor rather than to the county.

**Same:** LIMITATION OF ACTION. Where the plaintiff filed his claim
2  against the county for injuries sustained from a defective county bridge within the proper time, but the claim was lost, and he subsequently filed another claim and a supplemental petition in the action, which was commenced in time, his right of action was not barred by limitation.

*Appeal from Madison District Court.*—HON. L. N. HAYES, Judge.

THURSDAY, OCTOBER 23, 1913.

SUIT for damages. Defendant's demurrer to the petition was sustained. Plaintiff appeals. *Reversed.*

*Robbins & Nicholson*, for appellant.

*Sam C. Smith*, County Attorney, for appellee.

PRESTON, J.—Plaintiff alleges that on April 2; 1910, he was injured while passing over a county bridge in Madison county, by reason of a defect in the bridge, and that thereafter, and before May 7, 1910, he filed in the office of the county auditor of said county a claim for $1,000 damages by reason thereof; that the board of supervisors of said county considered said claim, and treated the same as filed, but that the same is now lost or destroyed, through no fault of plaintiff.

On May 7, 1910, the following notice was served:

### Exhibit A.

To T. M. Scott, Auditor of Madison County, Iowa: You are hereby notified that on the 2d day of April, 1910, the undersigned, Henry Klingman, was injured while crossing over the bridge located on the public highway running east of the Lincoln schoolhouse through the center of section 2, township 75, range 28 west, Lincoln township, Madison county, Iowa, and being a few rods west of the center of said section 2 in township 75 north, range 28 west 5th P. M., Iowa. That said injury was caused by the defective condition of the floor of the said bridge, said floor being in such a decayed and rotten condition that while the undersigned was crossing over said bridge on horseback, the right hind foot of the horse he was riding went through the floor of the said bridge, throwing the undersigned against the horn of the saddle and off the horse, striking his right side on the railing of the said bridge. That by the said fall the undersigned sustained serious and permanent injuries to his right side, etc.

[Signed] Henry Klingman.

Said notice was served by the following acceptance:

Winterset, Iowa, May 7, 1910. I hereby accept due and legal service of the above notice and waive copy thereof and all irregularities as to manner of service. T. M. Scott, Co. Aud.

Plaintiff commenced suit January 25, 1911. The petition alleges, among other things, in substance, that after the

service of the notice, Exhibit A, the auditor advised the county attorney and the board of supervisors of said county that the notice had been served, and the board of supervisors and the county attorney thereafter examined said bridge, or caused the same to be examined, and the circumstances of said injury were investigated and inquired into by the said board, and said board took the notice and treated the same in all respects as though the same was a valid and binding notice on said county; that the board did, by said notice, in fact become advised of said accident, and the time and place and circumstances thereof as fully as though the said notice had been directed to "Madison County, Iowa," instead of to "T. M. Scott, Auditor of Madison County, Iowa." On December 14, 1911, plaintiff filed with the auditor a claim for $10,000 damages on the same facts. January 18, 1912, plaintiff filed a supplemental petition, which alleges, among other things, that since the filing of plaintiff's original petition herein, and on the 14th day of December, 1911, plaintiff filed in the office of the auditor of Madison county, Iowa, to be acted on by the board of supervisors of said county, his claim for damages, based upon the same facts and circumstances set out in his original petition, which said account or claim was verified by plaintiff, a copy of the same being attached; that plaintiff did not know until December 13, 1911, that said claim had not been filed in the auditor's office, and had no knowledge of such failure until said date, and then on said date it developed on the proceedings in court that the same had never been filed; that the said claim was considered by the board of supervisors of defendant county, and acted on by them on December 28, 1911, at which time said claim was disallowed, and said board indorsed on said claim their action thereon, in the following words and figures, to wit:

"December 28, 1911. Disallowed by order of board of supervisors. W. H. Deardorf, Chairman."

The defendant demurred on two grounds: First, that the cause of action is barred by the statute of limitations;

and, second, that no notice was served on defendant county within sixty days, as required by the statute. There is no serious question as to the sufficiency of the notice, Exhibit A, so far as time, place, and circumstances are concerned. It was served on the auditor within sixty days from the happening of the injury. It has been held that filing a claim with the auditor within sixty days, stating the facts required, complies with the statute as to notice. *Perry v. Clarke County*, 120 Iowa, 96.

This point is not argued by appellee. The real contention is that the notice is not addressed to "Madison County," but to "T. M. Scott, Auditor of Madison County, Iowa." It

1. MUNICIPAL CORPORATIONS: counties: liability for injuries: notice.

is appellee's contention that when a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. *Claflin v. Iowa City*, 12 Iowa, 284; *Steele v. Murry*, 80 Iowa, 336; *Estate of Anderson*, 125 Iowa, 670; *Williams v. Trust Co.*, 126 Iowa, 22; and other cases. In these cases it was sought to acquire jurisdiction to render a judgment, or make an order and the like. The notice in a case of this kind is not jurisdictional. It is a condition precedent to bringing suit, and the purpose is to allow the county officers to investigate the matter while fresh, and to ascertain what evidence there may be of conditions existing at the time of the alleged injury.

It is alleged in the petition, and admitted by the demurrer, that the auditor delivered the notice to the county attorney and the board, who did make an investigation and acted upon the claim by disallowing it. If this be true, the county and its officers were not misled. The notice, though not drawn with proper care, served its purpose. The auditor was a person upon whom notice could be properly served. The notice was addressed to the "Auditor of Madison County, Iowa," and particularly describes the place in Madison county, Iowa, where the injury is alleged to have occurred. The auditor and the board treated the notice as

though it was served on the county. The auditor seems to have understood that the claim was not made against him personally. In the *Perry* case, *supra*, the claim filed with the auditor, and which was considered as a notice, was directed "To the Board of Supervisors of Clarke County," rather than to the county, and it was held good. See, also, *Neely v. Mapleton*, 139 Iowa, 582; *Fortin v. Easthampton*, 142 Mass. 486 (8 N. E. 328); 29 Cyc. 1117; 37 Cyc. 306.

The first claim, filed before May 7, 1910, and which is claimed to have been lost, was for $1,000. The one filed in December, 1911, claimed $10,000. No question is raised on this appeal as to the amount of plaintiff's recovery, if at all. The question now before us is, whether under the admitted facts plaintiff is entitled to recover anything, or whether his claim is barred.

2. SAME: limitation of action.

We are of opinion that the trial court erred in sustaining the demurrer. The case is therefore *Reversed* and *Remanded*.

WEAVER, C. J., and LADD and EVANS, JJ., concur.