STINA ANDERSON BLACKMORE, Guardian, Appellee, v. CITY OF COUNCIL BLUFFS, Appellant.

**LIMITATION OF ACTIONS:** Roads and Streets—Dual Notices.
1 The written notice necessary to avoid the three months' limitation of actions for injury on account of defective streets, may be given to the city or to a committee thereof having the matter in charge, by a *series* of notices which, together, set forth the "time, place, and circumstances" of the injury.

**TRIAL:** Correct But Inexplicit Instructions. Correct but inexplicit instructions are sufficient, in the absence of a request for the more explicit one. So held where instructions correctly stating the city's duty to maintain its streets did not draw any distinction between the duty to maintain *sidewalks* and *crosswalks.*

**TRIAL:**    Instructions—Insufficient Exception.    An exception to the
3   effect that a series of instructions *as a whole* did not completely
instruct as to the respective duties of the city and pedestrians
on cross streets, is not sufficient to present the point that dif-
ferent standards of care rest upon the city as regards sidewalks
and crosswalks.

**MUNICIPAL CORPORATIONS:**    Sidewalks and Crosswalks—Stand-
4   ard of Care.    "Reasonable care" in the maintenance of streets
is a standard applicable to both sidewalks and crosswalks.

**MUNICIPAL CORPORATIONS:**    Defects From Snow and Ice—
5   Notice.    Record held to present a jury question on the issue of
notice to the city of the rough and uneven condition of snow
and ice on the public street.

*Appeal from Pottawattamie District Court.*—J. B. ROCKA-
FELLOW, Judge.

FEBRUARY 23, 1920.

REHEARING DENIED JULY 6, 1920.

ACTION to recover for injuries received by a fall upon one
of defendant's sidewalks.    The opinion states the facts.
Verdict and judgment for plaintiff.    Defendant appeals.—
*Affirmed.*

*Henry Peterson,* for appellant.

*Mayne & Green,* for appellee.

GAYNOR, J.—This action was begun June 21, 1915, and
was brought for and in behalf of Anna Anderson, a minor,
to recover for injuries alleged to have been sustained by
her through a fall on an icy street crossing
1. LIMITATION
   OF ACTIONS:    near the corner of Broadway and Second
   roads and
   streets:    Street in defendant city.    The injury oc-
   dual notices.    curred on the 11th day of March, 1915.    The
action is brought by her guardian.

The usual issues were tendered, together with a claim

that the action is barred by reason of a failure to serve the defendant with written notice of the injury, as required by Section 3447 of the Code of 1897. The cause was tried to a jury, and a verdict returned for the plaintiff. Judgment being entered on the verdict, defendant appeals.

It is contended that the plaintiff cannot maintain the action; that it is barred by the provisions of Section 3447 of the Code of 1897, which provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"1. Those founded on injury to the person on account of defective roads, bridges, streets or sidewalks, *within three months, unless written notice* specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

The contention that the action is barred is bottomed on the thought that it was not brought within 90 days from the happening of the injury, and that notice of the injury is insufficient to avoid the bar, because it did not state the time when the injury occurred.

On the 17th day of March, 1915, notice of the injury was served on the defendant city in the following words:

"You are hereby notified that the undersigned Anna Anderson, while walking along the north side of Broadway near the corner of Second Street, fell on the ice which had been allowed to accumulate at said point and was seriously and permanently injured, said fall breaking and splintering the bones of her leg and knee to such an extent that she will be permanently crippled. That said city had permitted a large amount of snow and rough ice to remain in the regular pathway of travel at said point and that the fall and injury were due to the negligence of the city in that respect, and that the undersigned has been damaged thereby in the sum of five thousand dollars.

"You are further notified that unless adjustment is

made of said claim, suit will be commenced for said injury."

It will be observed that this notice does not state the time of the injury. The petition was dismissed on that ground. Thereafter, the petition was amended, and, as amended, stated that, on the 22d day of March, the city council held its first meeting after receiving the above notice. . The matter of plaintiff's claim was called to the consideration of the city council, and the minutes of the meeting show the following:

"A communication from Anna Anderson by Mayne & Green, her attorneys, notifying the city of injuries received while walking along the north side of Broadway near the corner of Second Street, by falling upon ice which had been allowed to accumulate at this point, stating that she was seriously and permanently injured and had been damaged in the sum of $5,000, was presented to the council, read, and on motion of same was referred to the judiciary committee and the city solicitor."

Immediately after the reference of said claim to the judiciary committee and said attorney, as above set out, a further and additional notice was served upon the defendant, by serving it on one of the members of said judiciary committee, to which said claim was referred. This notice was in words and figures as follows, to wit:

"To Whom This May Concern:

"This is to certify that Annie Anderson received a fracture of the inner condyle of the left femur on March 11, 1915, by falling on the sidewalk. Since she has been in Mercy Hospital, Council Bluffs, Iowa, being treated for same.

"Fracture was verified by X-Ray.

"(Signed)    A. V. Hennessy, M. D."

A demurrer was filed to the petition as amended, challenging the sufficiency of the notices to take the case out of the operation of the bar of the statute. This demurrer was overruled. This is assigned as a reversible error.

The object of the notice is to inform the city of the time,

place, and circumstances of the injury. This, for the purpose of enabling the city to make full and thorough investigation of the injuries and the accident complained of, within 60 days, and for the further purpose of enabling the city to investigate and determine for itself whether there was a defect at the time and at the place when the injured party claims to have received injury. In *Howe v. Sioux County*, 180 Iowa 585, a case involving the construction of this particular statute, this court held that the purpose of the notice is to enable the officers of the county sought to be charged, to make investigation, and that the notice must specifically state the time of the injury, the place where the same happened, and the circumstances surrounding the transactions. With this information, the board of supervisors or other officers of the county (or municipality) are enabled to investigate and determine whether the county (or municipality) is liable, and, if so, what course to pursue with reference to the matter of making settlement, or preparing to make defense to any suit that may be brought against it. In *Neeley v. Incorporated Town of Mapleton*, 139 Iowa 582, it was held that the tendency of courts is to construe the limitations of the statute liberally, provided it is made to appear that the notice already given has accomplished the purpose for which it is required, and that the purpose of the notice is to convey to the town council, within the time limit, information as to the time, place, and circumstances of the injury, so that an investigation may be had while the facts are fresh. While the statute should be liberally construed, no construction should be indulged in that emasculates it, or deprives the city of the notice which it is the intent of the statute that it should have, to wit, notice of the time, place, and circumstances of the injury. This notice, the statute provides, shall be in writing. It does not designate the particular officer of the city on whom service shall be made. The notice is, therefore, sufficient if it conforms to the statute as to time, place, and circumstances, and is in writ-

ing, and is served on any officer of the city whose relation to the city is such that notice to him of matters affecting the interest of the city is notice to the city. It follows, therefore, that notice to one charged with a duty to the city, with respect to the matters concerning which the notice is given, is notice to the city. The city acts through its officers. All the information that comes to it must come through officers charged with the duty of acting for and in behalf of the city. It will be noted that the second notice was in writing, and served on the members of the city council appointed by the council to act for the city as a judiciary committee in the investigation of this particular matter. While acting for the city and charged with the duty of investigating this matter, these officers of the city received this additional notice in writing, in which is given the time when and the place where the injury occurred. Though the second notice was not signed by the injured party, it was served by one authorized to act for her. In *Neeley v. Incorporated Town of Mapleton,* 139 Iowa 582, there was no signature to the notice at all, and yet the notice was held good. See, also, *Pardey v. Town of Mechanicsville,* 112 Iowa 68. If the notice is in writing, and contains information as to the time and place and circumstances of the injury, or is sufficiently specific to enable the officers of the city to know the time, and to locate the place where the injury occurred, within the time limit fixed by the statute, it is sufficient. The fact that it is not addressed to the city does not vitiate it. See *Klingman v. Madison County,* 161 Iowa 422.

In order to prevent the running of the statute against plaintiff's claim, all that is necessary, under the statute, is that there be served upon the municipality notice in writing, stating the time, place, and circumstances of the injury, sufficiently clear and specific to enable the city to investigate and determine for itself whether or not the claim is well founded. It is necessary that the information be given within 60 days, but it is not required that all the information be given in one paper, or at one time. The

information must be in writing, and served on the city within the 60 days. When this is done, the bar that would otherwise prevent recovery upon the claim is avoided. The whole theory of the statute is that one injured shall not be barred of a right to recover if his suit is not brought within 3 months from the time of the injury, if, within 60 days of the injury, he give the city notice in writing of the time, place, and circumstances of the injury. If the information which the city is entitled to is conveyed to it in writing within 30 days, it cannot possibly be prejudicial because the information was conveyed in two writings, rather than in one. If, within the time given it to investigate, it receives all the information it is entitled to, and in the way the statute provides, it has no ground for complaint. In this case, it received all the information it was entitled to within the 60 days. We think the court did not err in holding that the two notices, taken together, fulfilled the purposes of the statute, and that plaintiff's action was not barred because not brought within 90 days from the time of the injury. Actions for personal injury may be brought at any time within 2 years. When the notice contemplated by the statute is served within the 60 days, the plaintiff has 2 years in which to prosecute the action.

It is next contended that the court failed to instruct the jury that the city did not owe as high a duty to a pedestrian to keep *crosswalks* free from snow and ice as owed in keeping its *sidewalks* free from snow and ice.

The court instructed the jury that the fact that ice and snow had accumulated on the walk or pathway, and had been permitted to remain there for a considerable length of time, even though it caused the walk to become dangerous and unsafe, would not, of itself, constitute a defect for which the city would be responsible in case of injury resulting therefrom; that it is only where snow and ice are allowed to remain upon the walk until, by travel thereon, or from other causes, the surface of the snow or ice becomes rough, ridged, or rounded, in such manner that a person,

2. TRIAL: correct but inexplicit instructions.

in the exercise of ordinary care, could not pass over it without danger of falling, that liability attaches.

The court instructed the jury that the city was not an insurer of the safety of those who used its walks or cross-walks; that the only duty it owed to pedestrians was to exercise reasonable care to see to it that its walks and cross-walks were kept in a reasonably safe condition for travel; that all that was required of the city in respect to walks or crosswalks was to exercise reasonable care to see to it that they were kept in a reasonably safe condition for travel. This clearly states the duty of the city with respect to its walks. If the defendant had desired a more specific statement of duty touching crosswalks, or if it had desired the court to caution the jury touching the difficulties which attend the keeping of crosswalks, over which teams may pass, in a reasonably safe condition for travel by pedes-trians, it should have specifically asked the court to ampli-fy its instructions by calling this fact to the attention of the jury. This was not done. It is true that, before the instructions were read, counsel did object to the instructions as a whole, and based his objection on the ground that, as a whole, they did not completely instruct as to the respec-tive duties of the city and pedestrians on the matter of street crossings. This was not specific enough to advise the court that the defendant was contending that there is a difference in the duty of municipalities regarding the care it owed to travelers on crosswalks, or places where people cross over streets which are used in winter by teams at-tached to sleighs. We are not prepared, however, to sub-scribe to the doctrine found in many cases cited, to wit, in *Dupont v. Village of Port Chester*, 204 N. Y. 351, 354 (97 N. E. 735), and other cases like that, in which it is said:

3. TRIAL: in-
structions:
insufficient
exception.

"Even if the entire removal of snow from a crosswalk is desirable for its use by pedestrians, the ordinary travel upon a street necessarily carries more or less snow upon the crosswalk, and, when it thaws or freezes with the vary-ing temperature, it would be quite impossible, except by

continuous effort, to keep crosswalks or crossings wholly free from snow and ice. We repeat that the obligation resting upon a municipality to keep its sidewalks free from snow and ice does not, in the absence of express provisions of statute, apply to the same extent to a crosswalk or crossing on a public street."

When the city opens and invites the traveling public to use its crosswalks, it assumes the duty to the pedestrians to see that reasonable care is exercised in keeping these cross-

4. MUNICIPAL CORPORA-TIONS: sidewalks and crosswalks: standard of care.

walks in a reasonably safe condition for travel. If it fails in this, it fails in the discharge of its duty to the pedestrian. What is reasonable care depends upon many circumstances and conditions. What might be reasonable care in respect to one matter might not be reasonable care with respect to another. But, in either case, the exercise of reasonable care is required, to see that the walk on which pedestrians are invited to travel is reasonably safe for their use. More than reasonable care is not required in respect to any walk, and less than reasonable care will not satisfy the requirements of the law in respect to crosswalks. But what is reasonable care must be measured by the exigencies of the particular case. We think the court's instructions were sufficiently specific on this point, in the absence of any request for further elaboration. It is true that crosswalks are not only used by pedestrians, but also by vehicles of various kinds, and that vehicles have a right to use them. It does not follow necessarily that the use of these streets by vehicles renders a crosswalk essentially more dangerous. It may do so, but that is a question of fact. If this crosswalk was rendered more dangerous at this particular time and place, by reason of its use by vehicles, reasonable care for the safety of travelers required more diligence on the part of defendant.

We find no reversible error here.

5. MUNICIPAL CORPORA-TIONS: defects from snow and ice: notice.

It is next contended that there was no actual notice to the city of the conditions which caused the injury, and it is further claimed that the conditions had not existed

for such a length of time before the injury that the city, by the exercise of reasonable care, might have discovered the condition and removed the danger.

This is a fact question, and was resolved by the jury against defendant. The court instructed the jury on this point, in substance, that the city would not be liable for the injury unless it had actual notice of the defects complained of, or that they had existed for such a length of time that the city, by the exercise of ordinary care and prudence, should have known of the condition in time to have remedied the same, and thereby prevented the injury, and said that there is no duty on the city to remove snow and ice from the sidewalk so long as the snow and ice remain on the walk in its natural condition; that the city only became liable when the snow and ice becomes ridged, rounded, and uneven, and is made to assume some other form or present some other danger than it would have presented solely from natural causes; that, to entitle plaintiff to recover, it must appear that the snow or ice had become and was, through artificial cause, rounded and uneven, and in a condition to make the walk unsafe; that this condition had existed for such length of time that the city, in the exercise of ordinary care, should have known of the rough, uneven, and dangerous condition at the point of injury, in time to have remedied the same, by the exercise of reasonable care, before the injury happened.

We are satisfied that, as to the knowledge of the city of the defect, a fair question was presented in the record for the jury. We think there was a fair question for the jury, both as to the negligence of the city and as to the contributory negligence of the plaintiff.

This covers the fifth, sixth, seventh, and eighth propositions submitted.

It is next contended that the record shows that the plaintiff, prior to this time, had suffered a fracture of the leg injured in the fall, and that, by reason thereof, the leg now injured was an inch shorter than normal, and that the court should have called the jury's attention to this fact,

when it came to consider both the care exercised by the plaintiff and the amount of plaintiff's recovery. The court did touch upon this question, and did call the attention of the jury to the fact that the plaintiff had been injured in this leg prior to the injury complained of, and said:

"In determining the degree of care which should have been exercised by the plaintiff's ward, * * * you may consider, in connection with all other facts and circumstances throwing light thereon, whether or not the plaintiff's ward, as a result of some prior injury, had experienced any loss of the use of her left limb, so as to require, by reason thereof, greater care in walking. Whether or not the plaintiff's ward was guilty of negligence which contributed to her injury, is a question of fact for your determination from all the facts and circumstances in evidence throwing light thereon. * * * The plaintiff cannot recover in this action unless she shows, by a preponderance of the evidence, that she was guilty of no negligent act which contributed to her injury. She was required to exercise that degree of care which an ordinary prudent person of her age and sex would have exercised under like circumstances, and if she did exercise such care, then she was not guilty of negligence. If she failed to exercise such care, then she would be guilty of negligence defeating her recovery."

It is next contended that the verdict is excessive. We have examined the record, and do not find the verdict so excessive as to justify our interference.

Upon the whole record, we find no reversible error, and the cause is—*Affirmed*.

WEAVER, C. J., LADD and STEVENS, JJ., concur.