NORA B. LUKE, Appellee, v. CITY OF KEOKUK, Appellant.

MUNICIPAL CORPORATIONS: Actions—Condition Precedent. A
1   statutory provision that no action for damages shall at any time be brought against a city unless, within a specified time after the injury, a described statement relative to the injury is filed with the city, necessarily prescribes a condition precedent to the right to · maintain an action.

MUNICIPAL CORPORATIONS: Actions—Ineffectual Notice. A statute
2   which requires, as a condition precedent to maintaining an action against a city for damages for personal injury, the filing of a statement showing the time and place of the injury, is not complied with by the filing of a statement which states said time as on "March 22d."

Headnote 1:  28 Cyc. p. 1448.  Headnote 2:  28 Cyc. p. 1456.

Headnote 1:  31 A. L. R. 612; 19 R. C. L. 1040.  Headnote 2:  13 L. R. A. (N.S.) 1228; 20 L. R. A. (N.S.) 758; 13 R. C. L. 490.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge. .

DECEMBER 16, 1926.

Action to recover for personal injury.  A demurrer to plaintiff's petition was overruled.  The city elected to stand on the ruling, and judgment was entered against the city. for $500.  From this ruling the city appeals.—*Reversed.*

*James S. Burrows,* for appellant.

*E. W. McManus,* for appellee.

ALBERT, J.—In her petition Nora B. Luke, the appellee, alleges that she sustained personal injuries by reason of defective streets in the appellant city.

On the 8th day of April, 1925, she filed with the city clerk of the city of Keokuk her verified statement of claim, the material part of which, for the purpose of this appeal, is as follows:

"Notice is hereby given that the undersigned Nora B. Luke claims damages from the city of Keokuk in the sum of $5,000 on account of injuries sustained by her from a fall upon the walk and curb in said city of Keokuk, located on the northerly side of Main Street between Third and Fourth Streets in front of a building known as 321-23 Main Street, said fall having occurred on the evening of *March 22d.*"

This is followed by a statement of the circumstances of the fall, and a detailed description of the injury resulting. The statement also sets out certain grounds of negligence.

To the petition, based on the verified statement, the appellant filed a demurrer, the grounds of which are as follows:

"(1) Because, under the statutes of the state of Iowa, it is the condition precedent to the maintenance of this action that a verified statement of the time of injury shall be presented to the council or filed with the city clerk within 30 days after said alleged injury, and the petition shows on its face that no statement was presented to the council or to the clerk. (2) Because the petition shows on its face that this action is barred by the statute of limitations, because no written verified statement of the time the injury occurred has been presented to the council of the city of Keokuk or filed with the city clerk within 30 days after plaintiff's alleged injury."

1. MUNICIPAL CORPORATIONS: actions: condition precedent.

The district court overruled the demurrer; hence this appeal.

It is conceded that the defendant corporation is a city under special charter. Section 6734, Code of 1924, reads in part as follows:

"In all cases of personal injury or damage to property resulting from defective streets or sidewalks, * * * no suit shall be brought against any such city after three months from the time of the injury or damage, and not then unless a written verified statement of the amount, nature, and cause of such injury or damage, and the time when and the place where such injury occurred, * * * shall be presented to the council or filed with the clerk within 30 days after said alleged injury or damage was sustained."

The general Statute of Limitations governing actions of this kind, to wit, Subdivision 1 of Section 11007, Code of 1924, has no application to the question under consideration, and the decisions made under that section are of little aid in the consideration of the question in hand. That statute is fully discussed and elaborated upon in the case of *Howe v. Sioux County,* 180 Iowa 580, in which case this court reached the conclusion that the aforesaid general statute was purely a statute of limitation, and not a condition precedent to bringing an action. A reading of the two statutes shows that the aforesaid Subdivision 1 of Section 11007 is purely a limitation statute, because under that section an action may be brought at any time within 60 days from the happening of the accident, without the serving of any notice whatever, and, if the notice were served, then the statute was tolled beyond the 3-months limitation; whereas, the statute governing the present case (the appellant being a city under special charter), provides that no suit can be brought against the city after 3 months, and cannot be brought within the 3-months period unless the written, verified statement provided for shall be filed within 30 days after the injury. Under this section of the statute, the filing of the verified statement is a condition precedent to the bringing of the action; or, to state it another way, no action can be maintained until such statement is first filed. The question here is, What shall be the contents of such verified statement, in order to bring the parties within the provisions of this section of the Code?

The verified statement above referred to contains only this statement relative to the time when the accident occurred: "Said fall having occurred in the evening of *March 22d*." Sec-

2. Municipal
Corporations:
actions: inef-
fectual notice.
tion 6734, above quoted, requires that the veri-
fied statement set out "the time when and the
place where such injury occurred." The
aforesaid Subdivision 1 of Section 11007 provides that the writ-
ten notice shall specify "the time, place, and circumstances of
the injury." It is apparent, therefore, that the legislature, in
both instances, made time one of the necessary elements to be
set out in said statement. In the following cases we held that
a notice that did not designate the place where the accident
occurred was insufficient. *Buchmeier v. City of Davenport,* 138
Iowa 623; *Frazee v. City of Cedar Rapids,* 151 Iowa 251.

In *Neeley v. Town of Mapleton,* 139 Iowa 582, we said that
the purpose of this notice was "to convey to the town council
prompt information of the time, place, and circumstances of the
injury, so that investigation may be had while the facts are
fresh * * * ."

In the *Howe* case, referring to the above, we said:

"The notice referred to has been liberally construed by the
courts generally, but, so far as we have been able to find, no
court has ever held a notice sufficient which omitted to state one
or more of the three essential requirements of the notice."

By reason of these requirements of the statute, a munici-
pality is afforded some protection against stale claims or the
connivance of public officials, and is given an opportunity to in-
vestigate the source of the claim at a time when the evidence
relating to it is fresh and can be easily gathered. We cannot
understand why it is not just as important that the time be
specific as that the place be specifically pointed out. One is
just as important as the other. Authorities are not very numer-
ous on this proposition, but in *White v. Town of Stowe,* 54 Vt.
510, an exact replica of the present situation existed. Their
statute provided that no action could be maintained unless a
written notice were given within 30 days of the occurrence of
the injury; stating the time when and the place where the injury
was received. In that action, the accident was alleged to have
occurred on the 22d day of July, no year being stated. Identi-
cally the same situation exists in the instant case. The Vermont
court said:

"The benefit that it was designed towns should derive from
the giving of the notice required by the act of 1870 was that

they might be advised of the kind and character of claims that might be made against them and prepare their defense; and in order that the notice may be of value to them for that purpose, the time and place of injury must be made specific. It must be so certain in description of time and place as to impose a duty upon the selectmen to investigate the claim. If the notice does not state that the injury happened on a highway that the town was bound to keep in repair, the selectmen would be justified in disregarding it.  So, if the notice does not state that the injury happened within thirty days next preceding its receipt, they might well say that the injured party had no claim against the town.''

See, also, 17 Corpus Juris 1130.

The case further holds that parol evidence is not permissible to supply the legal requirements of the written notice, and that the sufficiency of this must be determined without reference to anything which occurred subsequently to its receipt.  The case further proceeds:

''Testing the notice by what it contained, it was manifestly defective in omitting to state with the required certainty the time when the injury was received * * * .''

In this case, the notice that was served on the city contained no statement of the year in which the accident happened. It may have been the present year, or any year in the past. The statement is defective in this respect, and this being a condition precedent to the bringing of the action, we are of the opinion that it does not comply with the requirements of the statute, and hence was no notice.

We are quite familiar with the rule that, in matters of this kind, a liberal construction is to be given to the statement filed, but we insist that the requirements of the statute be complied with.  In *Blackmore v. City of Council Bluffs*, 189 Iowa 157, referring to this question, we said:

''While the statute should be liberally construed, no construction should be indulged in that emasculates it, or deprives the city of the notice which it is the intent of the statute that it should have, to wit, notice of the time, place, and circumstances of the injury. * * * The notice is, therefore, sufficient if it conforms to the statute as to time, place, and circumstances, and is in writing, and is served * * * .''

The district court was in error in its holding, and the case is reversed.—*Reversed.*

DE GRAFF, C. J., and STEVENS, FAVILLE, VERMILION, and MORLING, JJ., concur.