Plaintiff brings this action to recover damages of the defendant municipality alleged to have been caused by a defective sidewalk. Defendant's amended demurrer attacks the sufficiency of the amended complaint respecting the statutory notice recited in paragraph 8 of the first count.
Plaintiff's notice of May 21, 1942, reads:
"I am writing for Miss Alice Shields of above address who fell after she got out of work at 3 o'clock from Waterbury Buckle Co. She came out of the gate on Washington Ave., *Page 247 
crossed over on LaChance's drug store side.
"She was walking on the sidewalk and a few minutes later she was on the sidewalk hurt.
"There was a hole in the sidewalk.
"She is doctoring with Dr. McGrath, East Main St., and has a broken right wrist and will be out of work six to eight weeks. "Very truly yours,
"Miss Alice Shields"
The ground of the interposed demurrer is that there is no allegation that a written notice was filed conforming to the statute setting out the day, month and year of plaintiff's alleged mishap.
It is elementary that the plaintiff's right of action under the first count, if any, is statutory. "It is the statute only, which entitles the plaintiff to compensation for his injury when that inury is caused through or by means of a defect in the highway." Bartram vs. Town of Sharon, 71 Conn. 686, 690. See, generally, Frechette vs. City of New Haven, 104 Conn. 83,87; Bacon vs. Town of Rocky Hill, 126 id. 402, 404, and cases there cited. The recent case of Beckwith vs. Town ofStratford, 129 Conn. 506, concerning municipal liability for an alleged nuisance is, of course, distinguishable.
The provisions of the statute which are directly involved under the interposed demurrer are that no action for damages for injuries sustained by reason of a defective highway, including a sidewalk in the nature of things, shall be maintained against a municipality "unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence shall, within sixty days thereafter", be given to a proper officer of the municipality. (Gen. Stat. [1930] § 1420.) In considering these statutory provisions our Supreme Court in Marino vs. Townof East Haven, 120 Conn. 577, 579, said: "As we pointed out in Sizer vs. Waterbury [113 Conn. 145, 156], the notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time, and (e) the place thereof." *Page 248 
Manifestly the alleged notice does not comply with the statutory requirement de time noted above as condition precedent (d). Merely reciting that the fall occurred at "3 o'clock" is not sufficient. Is this to be understood as being in the morning or afternoon? Also, the day, month and year are not therein specified. "The purpose of these notices is `that of furnishing the recipients with such available information as is calculated to assist them in self-protection." Kroonervs. City of Waterbury, 105 Conn. 476, 481; Marino vs. Townof East Haven, supra, p. 579.
Had the action been instituted within the time limited for the giving of such notice, the necessity of filing a written notice in proper form would not be required of plaintiff. See the statute (Gen. Stat. [1930] § 1420). The amended complaint now before the court alleges that the plaintiff's fall and resulting injuries occurred on May 15, 1942. The officer's return made on the original complaint recites that service of process was made on May 13, 1943, nearly a year later. Hence, plaintiff is not assisted on this aspect.
In passing, reference should be made to paragraph 9 of the first count of the amended complaint in which plaintiff alleges: "In addition to said written notice on said day the plaintiff gave oral notice of said inury and the facts connected therewith to the Clerk of the City of Waterbury, or one of his deputies in the City Hall of Waterbury." This allegation avails the plaintiff nothing, although it does present an appealing situation. See Nicholaus vs. City of Bridgeport,117 Conn. 398, 401.
Further discussion is not required.
 Demurrer sustained.
 SUPPLEMENTAL MEMORANDUM OF DECISION.
Plaintiff has now asked the court to reconsider its ruling of September 24, 1943, on defendant's demurrer in the light of Christian vs. City of Waterbury, 123 Conn. 152, and cases therein cited. The court has done so and concludes that its earlier ruling is subject to no revision. *Page 249 
A study of the opinion in the Christian case and an examination of the record on appeal therein (Supreme Court Record and Briefs, June Term, 1937), disclose, if anything, that the written notice to the defendant municipality there given was about as complete from the standpoint of the statutory requirements as is found in cases of this character. In point of fact the trial court had sustained the defendant's demurrer — improperly so, held the Supreme Court — on the narrow ground recited in paragraph 8 thereof that the notice failed to state a structural defect or describe any defect in the sidewalk in question.
In Chiuli vs. City of Hartford, 8 Conn. Sup. 471, Judge Foster sustained the defendant's demurrer on the ground that the notice to the municipality set out in the complaint recited no date whatsoever when the plaintiff alleged that he had fallen on the sidewalk. Had plaintiff's counsel come across this decision in his research he probably would have contended that the ruling therein concerned a fall on an alleged icy sidewalk (ten-day notice) as distinguished from a structurally defective sidewalk (sixty-day notice) as in the case at bar, and therefore the ten-day statutory requirement was of paramount importance. Taking the statute as it is, the court does not recognize a distinction. It is the function of a trial judge to follow the law and not to attempt to make law.
Further research on the part of the court has uncovered the case of Luke vs. City of Keokuk, 202 Iowa 1123,211 N.W. 583, before the Supreme Court of Iowa in 1926. It is to be noted that the Iowa statute is identical with our own (Gen. Stat. [1930] § 1420) in that a written notice to the municipality is required setting forth the time when and theplace where a sidewalk injury is claimed to have occurred. In that case plaintiff's notice recited that she had fallen upon the walk and curb at a certain intersection of highways in the City of Keokuk, "said fall having occurred on the evening of March 22nd." In that case, as in the case at bar, the defendant municipality demurred on the ground that the notice was insufficient under the statute as to time of fall. The action of the trial court in overruling the demurrer was held to constitute error on appeal. Reference is particularly made to pp. 1126-1127 of the opinion of the reviewing court. Note, also, White vs. Town of Stowe, 54 Vt. 510, therein quoted. *Page 250 
On principle it seems clear that a notice which recites that an alleged fall occurred at 3 o'clock (as in the case at bar), or on the evening of March 22nd (as in the Iowa case), is exceedingly insufficient under the statute. The recital in each is barren of the essential element of time when. If anything, the notice in the case at bar is far more defective than that considered by the Iowa Supreme Court.
Plaintiff's counsel presently urges that the "saving clause" of the statute (§ 1420 — "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby") cures the situation respecting the time phase. There is no allegation in the complaint to this effect. But assuming that there was, the argument avails plaintiff nothing. There is an important distinction between an inaccuracy in describing an element prescribed by the statutory requirements, and a total lack of such description. See Marino vs. Town of EastHaven, 120 Conn. 577, 580-581; Main vs. Town of NorthStonington, 127 id. 711, 713. The notice in question as to the time when plaintiff fell is deemed to fall outside of the "saving clause" in the statute in any event.
The demurrer is well taken. The ruling of the court on September 24, 1943, sustaining the demurrer of the defendant addressed to plaintiff's complaint is reaffirmed. The court regrets that its ruling is made to depend upon a technicality. Unfortunately there is no other alternative.