MUREL HECK, appellant, v. CITY OF KNOXVILLE, appellee.

No. 49331.

(Reported in 88 N.W.2d 58)

604

FEBRUARY 11, 1958.

Mick, Miller & Murphy, of Knoxville, and Steward & Crouch, of Des Moines, for appellant.

Johnson & Johnson, of Knoxville, and F. S. Fillmore and James A. Lorentzen, both of Des Moines, for appellee.

GARFIELD, J.—Plaintiff's petition as finally amended was in seven counts, seeking damages for injuries sustained in a fall upon a public sidewalk in defendant-city. Plaintiff dismissed or abandoned four of the counts and they may be disregarded. The trial court dismissed the other three counts upon defendant's motion, as showing lack of compliance with section 614.1(1), Code, 1954, providing for written notice to cities of claimed injuries from defective sidewalks. Plaintiff has appealed.

Evidently upon defendant's insistence the trial court ordered the record upon appeal to embrace virtually all pleadings and other proceedings in the district court. Consequently *at least* half the printed record is not material to the appeal. Rule 340(a), Rules of Civil Procedure, provides the record upon appeal shall consist of *an abstract* of so much of the record in

the trial court *as is material to the appeal.* Half the cost of printing the record is hereby taxed to defendant.

Plaintiff's Count I claims substantial compliance with Code section 614.1(1). Count II alleges defendant waived the bar of limitations provided by that section. And Count IV (plaintiff dismissed Count III) alleges defendant is estopped to assert the bar of limitations.

Code section 614.1 states: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"1. * * * Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

Subsection 3 of 614.1 provides that actions founded on injuries to the person may be brought within two years.

Thus according to 614.1(1) plaintiff's cause of action became barred in three months after her injuries unless written notice thereof was served upon the city within sixty days after the happening thereof. If the notice were served within the sixty days the action might be brought within two years after the cause accrued. Howe v. Sioux County, 180 Iowa 580, 594, 163 N.W. 411; McCartney v. City of Washington, 124 Iowa 382, 383, 100 N.W. 80. This action was commenced about seven and one-half months after plaintiff was injured.

Count I contains these allegations claimed to show substantial compliance with 614.1: Defendant-city, within a week after the date of said injuries and at its instance, did obtain and accept a written notice signed by plaintiff specifying the time, place and circumstances of her injuries. Said notice was written by a representative of defendant's liability insurance company in the presence of plaintiff in her room at the State University Hospital, who stated he was handling the case on behalf of defendant and the insurance company and requested her to sign a written notice. Plaintiff then and there in compliance with said request informed him of her sidewalk accident on November 2, 1955, at about 5:45 a.m., on the south side of

Montgomery Street, in Knoxville, and said representative set forth same on paper as he sat beside her bed. Plaintiff signed said instrument at his request, and he left the room taking said instrument with him.

Count II substantially repeats the first sentence from Count I just set out and adds that defendant: fully investigated the accident, assured plaintiff her claim would be paid, called upon her regularly for three months after she was injured, by its acts and statements lulled plaintiff into a sense of security and therefore waived the bar of limitations provided by 614.1.

In connection with Count II plaintiff's counsel conceded, in effect, in oral argument, it was the same liability insurance adjuster who secured the written notice referred to in Counts I and II, who investigated the accident, assured plaintiff her claim would be paid and called upon her regularly for the three-month period as alleged in Count II. Evidently this is the extent of the proof plaintiff could offer under this count. We therefore deem it proper to consider the appeal in the light of what was said in argument.

Count IV substantially repeats all of the above allegations of Count I and also alleges: within a week after plaintiff was injured defendant promised to settle plaintiff's claim and from time to time for three months after she was injured continued to call upon and assure her her claim would be paid. These acts and statements lulled her into a sense of security, the representative of defendant's liability insurance carrier stated he was handling the case for defendant and the insurance company, said acts and statements of defendant-city were performed and made with intent to deceive plaintiff and to cause her to rely thereon, plaintiff did believe said acts and statements were made in good faith and was induced thereby to believe her claim had been received and accepted by defendant-city as a good and valid claim and would be paid by it, by reason of said reliance by plaintiff she did not investigate to determine what would be necessary to perfect and preserve her claim against defendant, it is now estopped to raise as a defense the bar of limitations.

It is apparent if the allegations of plaintiff's petition are true—and we must assume they are for purposes of this appeal —the insurance adjuster was guilty of breach of faith toward

plaintiff. Whether plaintiff has any recourse against him or his company is not before us. We are concerned only with the liability of defendant-city.

More specifically the questions for decision are whether giving the statement to the representative of defendant's liability insurance carrier is substantial compliance with the requirement of 614.1 that written notice of the injury shall be served upon the city and, if not, whether it may be held to have waived such compliance, or be estopped from asserting noncompliance, by what the insurance representative is alleged to have done here. Although the result is unfortunate for plaintiff we feel compelled to answer both questions in the negative.

I. The parties disagree as to the nature and effect of section 614.1, mainly as to whether compliance with it is a condition precedent to maintenance of such an action. Some of our many decisions involving this statute and its predecessors are not entirely consistent in what they say upon this point.

The statute is mandatory and must be substantially complied with. Tredwell v. City of Waterloo, 218 Iowa 243, 245, 251 N.W. 37; Howe v. Sioux County, 180 Iowa 580, 584, 163 N.W. 411. The burden rests upon an injured plaintiff to plead and prove such compliance. Tredwell case, supra, at page 247 of 218 Iowa, page 38 of 251 N.W.; Cushing v. City of Winterset, 144 Iowa 260, 262, 122 N.W. 915; Pardey v. Incorporated Town of Mechanicsville, 101 Iowa 266, 269, 70 N.W. 189.

However, the notice required by 614.1 is in no sense jurisdictional. It is for the purpose of preventing the cause of action from becoming barred in three months after the happening of the injury and to provide a method by which prompt information of the time, place and circumstances thereof may be conveyed to the city so an investigation may be had while the facts are fresh. Tredwell v. City of Waterloo, supra, at page 245 of 218 Iowa; Ray v. City of Council Bluffs, 193 Iowa 620, 623, 187 N.W. 447; Howe v. Sioux County, supra; Neeley v. Incorporated Town of Mapleton, 139 Iowa 582, 584, 117 N.W. 981.

Some of our cases say in substance service of the notice required by what is now 614.1 is a condition precedent to the right to sue after the expiration of three months. (The time

608

was formerly six months.) Klingman v. Madison County, 161 Iowa 422, 425, 143 N.W. 426; Sollenbarger v. Incorporated Town of Lineville, 141 Iowa 203, 205, 119 N.W. 618; Pardey v. Incorporated Town of Mechanicsville, supra, 101 Iowa 266, 269, 70 N.W. 189. And this is the practical effect of several other Iowa decisions.

But Howe v. Sioux County, supra, 180 Iowa 580, 590, 163 N.W. 411, 415, after reviewing the Sollenbarger and Klingman cases and others, concludes: "The service of the notice * * * is clearly not a condition precedent to the commencement of the action under our statute, * * *." This is confirmed in Ray v. City of Council Bluffs, supra, 193 Iowa 620, 623, 187 N.W. 447, and Luke v. City of Keokuk, 202 Iowa 1123, 1125, 211 N.W. 583.

The Luke case and several others, including Bowman v. City of Davenport, 243 Iowa 1135, 53 N.W.2d 249, involve the written statement required by section 420.45, applicable to cities under special charter. Filing such statement is clearly a condition precedent to bringing action—none may be brought *at any time* unless the statement "shall be presented to the council or filed with the clerk within thirty days after said alleged injury * * * was sustained."

■ Regardless of whether service of the notice required by 614.1 is called a condition precedent to the right to sue after the three-month period, it is certain no action may be maintained, if commenced after such period, unless the written notice is served within sixty days from the happening of the injury. This is the clear effect of the statute.

Decisions involving 614.1 make it plain substantial compliance therewith is sufficient. This is also the doctrine of many cases from various jurisdictions. Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N.E. 1101, 1102, 1103, 123 Am. St. Rep. 540, 13 Ann. Cas. 486; Perry v. City of High Point, 218 N. C. 714, 12 S.E.2d 275; Jones v. City of Fort Worth, 267 S.W. 681, 683; Caron v. Grays Harbor County, 18 Wash.2d 397, 139 P.2d 626, 148 A. L. R. 626, 631, 632; 17 McQuillin Municipal Corporations, Third Ed., section 48.07, page 88; 38 Am. Jur., Municipal Corporations, section 690; 63 C. J. S., Municipal Corporations, section 925a.

■ II. We may assume, without so deciding, the form and contents of the written statement taken by the insurance adjuster substantially comply with the statute. But we think giving the statement to him was not substantial compliance with the requirement the notice shall be served upon the municipal corporation.

Plaintiff does not allege the notice was ever given by the adjuster to the council, mayor, clerk or other official of the city. There is no allegation as to the terms of the insurance policy from which it might perhaps be held, if the city had the right to procure it, the company became the city's agent for all purposes connected with the investigation and handling of plaintiff's claim. Such precedents as Selby v. Victoria Mines, Inc., 124 Mont. 321, 221 P.2d 423, and Hilker v. Western Automobile Ins. Co., 204 Wis. 1, 231 N.W. 257, 235 N.W. 413, cited by plaintiff, as well as Hayes v. Gessner, 315 Mass. 366, 52 N.E.2d 968, and Douglas v. United States F. & G. Co., 81 N. H. 371, 127 A. 708, 37 A. L. R. 1477, are therefore not in point. Nor do these cases involve a claim against a municipality.

■ The statute does not specify the particular official or officials of the municipal corporation upon whom the notice shall be served. Doubtless service upon the council, mayor or clerk would be sufficient. The council is the city's governing body and rule 56(h), Rules of Civil Procedure, states an original notice of a civil action against a city may be served upon its mayor or clerk. See McCartney v. City of Washington, supra, 124 Iowa 382, 100 N.W. 80. We have said the notice 614.1 requires may be served upon any *officer of the city* whose relation to it is such that notice to him of matters affecting the interest of the city is notice to it. "The city acts through its officers." Blackmore v. City of Council Bluffs, 189 Iowa 157, 162, 176 N.W. 369, 371.

In the absence of some proper authorization by a city of an insurance adjuster to act for it in receiving the notice 614.1 requires, assuming a city has power to take such action—a matter by no means free from doubt—we are not prepared to hold a notice given him is served upon the city. Such a decision would virtually nullify the statutory requirement of service upon the municipality.

See in support of our conclusion Fisher v. City and County of Denver, 123 Colo. 158, 225 P.2d 828, 23 A. L. R.2d 963, and annotation 969; Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774 (unsigned statement taken by insurance adjuster); Hayes v. Chicago Transit Authority, 340 Ill. App. 375, 92 N.E.2d 174, 178 (statement given investigator for defendant); O'Connell v. City of Cambridge, 258 Mass. 203, 154 N.E. 760.

III.    Although there are decisions to the contrary, the majority rule seems to be that a city has no power to waive substantial compliance with a requirement of statute that it be given notice of such a claim as this. A reason frequently given for this view is that the statute is for the protection of the people of the city whose money must be appropriated for payment of the claim. See McCarthy v. City of Chicago, 312 Ill. App. 268, 38 N.E.2d 519, 524; King v. City of Boston, 300 Mass. 377, 15 N.E.2d 191; Johnson v. City of Chisholm, 222 Minn. 179, 24 N.W.2d 232, 234, 235, and citations; Caron v. Grays Harbor County, supra, 18 Wash.2d 397, 139 P.2d 626, 148 A. L. R. 626, 632, 633, and citations; Annotations 82 A. L. R. 749, 750; 148 A. L. R. 637, 638; 153 A. L. R. 329, 330; 41 A. L. R.2d 883, 890; 17 McQuillin Municipal Corporations, Third Ed., section 48.07, page 89; 63 C. J. S., Municipal Corporations, section 928a; 38 Am. Jur., Municipal Corporations, section 702.

Some decisions hold, and for present purposes we might assume, the council or other governing body of a municipality may waive the requirement of notice. See authorities last above, especially Johnson v. City of Chisholm, and citations; Caron v. Grays Harbor County, and citations. But there is little if any dissent from the view that individual officers or agents of the city, other than its governing body, have no power to waive such a statutory provision. Fisher v. City and County of Denver, supra, 123 Colo. 158, 225 P.2d 828, 23 A. L. R.2d 963; Rottschafer v. City of East Grand Rapids, 342 Mich. 43, 69 N.W.2d 193, 197, 52 A. L. R.2d 960; Johnson v. City of Chisholm, supra, 222 Minn. 179, 24 N.W.2d 232, 236; Winter v. City of Niagara Falls, supra, 190 N. Y. 198, 82 N.E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486; White v. Nashville, 134 Tenn. 688, 185 S.W. 721, Ann. Cas. 1917D 960; Forseth v. City of

Tacoma, 27 Wash.2d 284, 178 P.2d 357; Annotations 82 A. L. R. 749, 755; 153 A. L. R. 329, 339; 38 Am. Jur., Municipal Corporations, section 702, page 405.

Our own cases of Starling v. Incorporated Town of Bedford, 94 Iowa 194, 62 N.W. 674, and Welu v. City of Dubuque, 202 Iowa 201, 209 N.W. 439, are really conclusive against plaintiff's claim of waiver of the required notice as well as her claim of estoppel to assert the bar of limitations.

The Starling case involves a predecessor of section 614.1(1). (See Cushing v. City of Winterset, supra, 144 Iowa 260, 261, 122 N.W. 915, and the Welu case.) There is no material difference between the statute considered in Starling v. Town and 614.1(1) except that the earlier statute allowed ninety days, rather than sixty, for service of the notice and the action might be commenced without notice within six months, rather than three, from the time of injury. Then too the present statute has been incorporated in the general statute of limitations. The Starling case holds the city council could not waive the right to service of notice.

In Welu v. City of Dubuque, supra, it was alleged the city was estopped to plead the statute of limitations because its attorney told plaintiff's attorney he would not take advantage of it if suit was not filed within the three-month period, plaintiff relied on such representation and failed to bring action within that time as he would have done if he had not so relied thereon. We held the plea of estoppel was properly stricken on the ground no statute or ordinance authorized the city attorney to waive for it the statute of limitations or do any act that would estop it from relying thereon. The decision is approved in DuBois v. City of Oskaloosa, 229 Iowa 109, 113, 294 N.W. 302.

We should mention here Howe v. Sioux County, supra, 180 Iowa 580, 163 N.W. 411, cited by plaintiff, where the notice served upon the county was fatally defective in not specifying the time of injury. Certain acts *of the board of supervisors,* the county's governing body, were relied upon as a waiver of the defect and the basis for an estoppel against the county. Without considering the power of the board to waive the defect or create an estoppel against the county the opinion holds the acts relied upon were insufficient.

Nothing in the Howe case conflicts with our decision that the insurance adjuster was without power to waive for the city compliance with section 614.1 or make any statement to plaintiff that estops it from relying thereon. The most that may be claimed for the Howe opinion is its implication there is power in the board of supervisors to waive 614.1 and create an estoppel against the county. In this respect the opinion may be somewhat inconsistent with Starling v. Incorporated Town of Bedford, supra, 94 Iowa 194, 62 N.W. 674, which it cites with approval on page 596 of 180 Iowa, for the proposition "the requirements of the statute that the notice be in writing could not be waived by the city council."

As we have indicated, we need not hold here the city council could not by formal action waive the requirement of notice to the city or create an estoppel against it although our Starling case and the weight of authority generally would seem to support such a decision. That question is not presented and we do not pass upon it. Our holding is the insurance adjuster has no such power.

IV. Extended discussion of the issue of estoppel is deemed unnecessary. If, as we hold, the adjuster was without power to waive the requirement of notice to the city it is clear he was also without power to create an estoppel against it. McCarthy v. City of Chicago, 312 Ill. App. 268, 38 N.E.2d 519, 524; Johnson v. City of Chisholm, 222 Minn. 179, 24 N.W.2d 232; Forseth v. City of Tacoma, 27 Wash.2d 284, 178 P.2d 357, 362; 63 C. J. S., Municipal Corporations, section 928a, all supra.

V. We have carefully considered every authority cited in the briefs of able counsel for plaintiff. It is not surprising to find some diversity of views expressed in the numerous cases of this nature. Most of the decisions cited may be reconciled with our conclusions here.

For example the statute considered in Badger v. Upper Darby Twp., 348 Pa. 551, 36 A.2d 507, and Zack v. Borough of Saxonburg, 386 Pa. 463, 465, 126 A.2d 753, 756, materially differs from ours and others called to our attention. It provides action may be commenced where notice of the claim has not been filed if " 'leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first

have been secured.'" It is entirely possible that under such a statute it might be held here there was a reasonable excuse for not serving the city with notice.

In Cawthorn v. City of Houston, 231 S.W. 701, 702, which upholds a plea of waiver and estoppel against the city, the commissioner who acted for it did so "with authority from the mayor and commissioners" (council). Further, the city was acting in its private or proprietary function, not its governmental function, in the matter which resulted in injury to plaintiff (a city employee) and in the negotiations which followed. This is also probably true of Cruise v. City and County of San Francisco, 101 Cal. App.2d 558, 225 P.2d 988, 992, where plaintiff was injured while a passenger on a city bus.

We have held it is clear the maintenance and repair of streets is a governmental function rather than a proprietary one. Hall v. Town of Keota, 248 Iowa 131, 135, 79 N.W.2d 784, 786.

The opinion in Brickell v. Kansas City, 364 Mo. 679, 681, 265 S.W.2d 342, 344, 41 A. L. R.2d 878, 881, states: "The city does not contend that its agent * * * was not authorized to take plaintiff's statements on behalf of the mayor." The statute required notice to the mayor.

In Farrell v. Placer County, 23 Cal.2d 624, 145 P.2d 570, 153 A. L. R. 323, the petition to which a demurrer was filed alleged that during the 90-day period "an agent of defendants" obtained a full statement from plaintiffs regarding the claim. It was held error to sustain the demurrer. We have pointed out the insurance adjuster here may not be regarded as the city's agent for the purpose of receiving notice of plaintiff's claim.

Other precedents cited by plaintiff need not be discussed.— Affirmed.

PETERSON, C. J., and BLISS, OLIVER, WENNERSTRUM, THOMPSON, and LARSON, JJ., concur.

HAYS, J., takes no part.

SMITH, J., not sitting.