[No. 7848.]

POWERS v. CITY OF BOULDER.

1. MUNICIPAL CORPORATIONS—*Action for Personal Injury—Notice*—Where in an action against a municipal corporation for a personal injury attributed to its negligence, it appears that notice in writing, in all respects sufficient, was served upon the mayor in due time, that he accepted it and waived the service of further notice, and that the council within the statutory period considered such notice and acted thereon in their official capacity, the purpose of the statute (Rev. Stat., sec. 6661) is accomplished, and the plaintiff's failure to serve notice upon the clerk does not defeat the action.

2. ——*Notice to the Clerk*, affects the city, though the clerk fail to communicate it to the council.

3. PLEADING—*Ambiguity*, not complained of by special demurrer or motion is waived.

*Error to Boulder District Court.*—Hon. HARRY P. GAMBLE, Judge.

Mr. F. T. JOHNSON and Mr. J. M. ESSINGTON, for plaintiff in error.

Mr. J. T. ATWOOD, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an action upon the part of the plaintiff on account of personal injuries alleged to have been sustained by him by reason of certain acts of negligence upon the part of the defendant city. A general demurrer to the amended complaint was sustained by the trial court. The plaintiff elected to stand upon his amended complaint, and the ruling of the court sustaining the demurrer is the only question presented, and this is confined to the allegations as to service of notice of the injury, required by the statute.

The allegation of the amended complaint in this particular, is as follows:

"That on or about August 24th, 1911, plaintiff caused a written notice of said accident to be served upon the defendant by serving the same upon its mayor, respectively setting forth

the time, place, and cause of said injuries, and plaintiff further alleges that at the time of said service plaintiff was informed by said mayor that he the said mayor, would accept service of said notice for and in behalf of said defendant, and that plaintiff need not serve any other or further notice upon any other officer of said city, all of which plaintiff relied upon as being sufficient and valid in every way so far as serving any other or further notice was concerned, and plaintiff alleges upon information and belief that as a matter of fact the said city and its duly constituted authorities consisting of its mayor, board of council and clerk thereof, had full notice of said accident and plaintiff's injuries arising therefrom in their official capacity, within ninety days from the happening thereof, and duly acted thereon in their official capacity." Revised Statutes of 1908, sec. 6661, provides:

"No action for the recovery of compensation for personal injury or death against any city of the first or second class, or any town, on account of its negligence, shall be maintained unless written notice of the time and place and cause of injury is given to the clerk of the city or recorder of the town by the person injured, his agent or attorney, within ninety days, and the action is commenced within two years from the occurrence of the accident causing the injury or death. But the notice given under the provision of this act shall not be deemed invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of injury; *provided,* it is shown that there was no intention to mislead and that the city council or board of trustees was in fact not misled thereby."

There is no objection that the notice was not in writing, nor that it was not in all respects sufficient, nor that it was not served within the time provided, but only that it was served on the mayor of the city rather than the city clerk, as provided by the statute.

Did such allegation of service upon the mayor, when considered with the additional allegation as to official consideration by the constituted authorities, meet the substantial re-

quirement of the statute? The complaint in addition to service of the notice upon the mayor, alleged "that the mayor, clerk and board of aldermen all had full notice of the accident and plaintiff's injuries in their official capacity within ninety days thereafter, and that the mayor declared at the time of the service on him, that no further notice would be required."

There is no claim that the city council did not have full or sufficient notice, or that they did not act on it. The defendant rests solely upon the technical contention that the service was not made upon the city clerk, as designated by the statute, but who by the very nature of things, could perform no other duty in the matter than to present it to the mayor and council, who were vested with authority to act in the premises.

It may be conceded, that the part of the complaint wherein it is said, that the mayor, board of council and clerk, all "had full notice of said accident and plaintiff's injuries arising therefrom, in their official capacity, within ninety days from the happening thereof, and duly acted thereon in their official capacity," was ambiguous, and that the court may have well sustained a motion to make the complaint more specific, definite and certain in that particular, or have sustained a demurrer upon such specific ground; but no such motion or demurrer was presented, and therefore the right to attack the complaint on the ground of such ambiguity was waived. The complaint was not for this reason alone subject to general demurrer. Under these circumstances the complaint may be construed to charge that the mayor, clerk and council were in fact presented with the notice so served on the mayor, and that they acted officially thereon, and within the time required by law. If so, then every purpose of the notice was accomplished.

It is true that service of a sufficient notice on the clerk would have bound the city in that respect, even though he may not have presented it to the mayor and council at all. But the sole purpose of the statute is to give the mayor and council notice of the claim of damage for the specific injury, within the designated time, so that they may have opportunity to take of-

ficial action thereon, and to properly protect the interests of the city.

In the case of *City of Grand Forks,* 153 Fed. 532, it was held, by the United States circuit court of appeals, where such notice was required by the statute to be presented to the mayor and city council, that the presentation of such notice to the city auditor was a sufficient compliance with the statute, and the court there said:

"A brief reference to the statutes and decisions of North Dakota will serve to show that the filing of the claim with the auditor was a presentation of it to the mayor and council within the meaning of the law. The mayor and common council of each city is constituted a board of audit of such city. Sec. 2171, Rev. Code, 1899. The city council consists of the mayor and aldermen. Sec. 2172, Rev. Code, 1899. Only the writing signed by the plaintiff and properly verified is contemplated by section 2172, *supra.* When so executed and verified, it is to be presented to the mayor and council 'for audit and allowance,' sec. 2174. Giving due consideration to these provisions of the statutes considered collectively, we cannot agree with counsel for the city that the claim should have been presented to the mayor separately from the council. The claim manifestly should be so presented to the body authorized to audit it as to secure the attention of that body, and, when it is done, it would seem that the requirement of the statute has been complied with."

To the same effect is *Pyke v. City of Jamestown,* by the supreme court of North Dakota, 107 N. W. 359, construing the same statute. The facts in that case were as follows:

"He presented one copy to the mayor and one copy to the city auditor. The copy presented to the mayor was delivered at his office. The copy delivered to the auditor was delivered upon the street. Accosting that officer, he inquired whether he was the city auditor, and, receiving an affirmative answer, he gave him the copy, informed him what it was, and stated that he desired to have it presented at the next meeting

of the city council. The claim was addressed: 'To the city council of the city of Jamestown, N. D.' The mayor testified that he submitted the copy he received to Mr. Thorp, the city attorney. He also testified that 'the notice was not discussed or presented to the council at any time.' Two aldermen testified to the same effect. The present city auditor testified that he could find no copy of the claim among the records, and no entry in reference thereto. The auditor to whom the claim was presented died in the following December." Commenting upon this the court said:

"We are of the opinion that the presentation was sufficient. The manifest purpose of the statute is to protect cities from the unnecessary expense and the annoyance of legal proceedings until claims against them can be investigated. The person injured must present his claim within 60 days from the date of the injury, during which period the facts are fresh and ascertainable. The city is given 60 days thereafter in which to inform itself as to the merits of the claim and determine whether it will audit and allow it. If not allowed at the end of that period, the party injured may pursue his remedy by action."

The Minnesota statute requires such notice to be given to the city council or other governing body. In *Lyons v. City of Red Wing*, 76 Minn. 20, the notice was left with the clerk who read it to the council. This was held to be a sufficient compliance with the statute.

In *Wormwood v. City of Waltham*, 144 Mass. 184, the law required the notice to be given to the mayor, clerk or treasurer. The notice was given to an alderman and was afterward read to the board of aldermen. This was held sufficient.

In *James v. City of Boston*, 201 Mass. 348, construing the same statute, it appears that one acting for the plaintiff, handed the notice to a person in the clerk's office and asked that it be handed to the clerk, the person saying "all right." This was held to be good. So in this case, if the notice was handed to the mayor, and if such notice was officially consid-

ered by the mayor, clerk and council, what important difference can it make to the defendant? Every purpose of the law was thus accomplished and to hold that the plaintiff must hand the notice to the clerk personally in order to substantially comply with the statute, is to demand form and ignore substance.

If the allegations in the amended complaint as herein construed, are sustained by the proof, then the notice in this case was sufficient.

The demurrer should have been overruled.

The judgment is reversed and the case remanded for further proceedings, in accord with this opinion.

*En banc.*

Justice Hill, Justice Garrigues and Justice White dissenting.

Mr. Justice Garrigues dissenting:

I cannot agree with the majority opinion. I think service of the notice required by statute to be made upon the clerk before bringing suit, is a condition precedent to the right to bring the action. The legislature having the power to deny the right to bring the suit, could prescribe the conditions under which it could be brought. In my opinion *Denver v. Saulcey,* 5 Colo. App. 420, is decisive of this case. It is there said on page 422:

"The charters of nearly all cities contain a provision like that found in the charter of this city. In providing satisfactory plans for municipal government, it seems to have been found expedient to attach this requirement as a condition precedent to the general right which the injured person is given to recover damages for such alleged wrongs. Since the right to sue the city is a matter of statute, lawmakers have the undoubted right to require the observance of these reasonable conditions. Wherever similar provisions have come before the courts for construction, it has been almost if not quite

universally held that the giving of the notice in the form and in the manner prescribed is a condition precedent, without which the plaintiff may not maintain his action."

I am authorized to state that Mr. Justice Hill and Mr. Justice White concur in this dissenting opinion.

Mr. JUSTICE WHITE dissenting:

I think the giving of the notice of injury in the form and in the manner prescribed by statute, and upon the person designated, is a condition precedent to the right of plaintiff to maintain his action; and that the complaint, having failed to allege such facts, the demurrer thereto was properly sustained. In *City of Denver v. Saulcey,* 5 Colo. App. 420, 422, it is said: "The notice must not only contain all the things the statute requires, but it must be served on the persons which the law designates, and in the way specified, if the statute be specific in this particular. * * * The importance of making the service on the proper person has been a matter of judicial consideration, and it has accordingly been adjudged that where the service must be upon a trustee or upon a mayor or upon a council, service upon the clerk, even though he be one of the principal officers of the corporation, is not such a compliance with the provision as to permit the maintenance of the suit." Citing *Nichols v. The City of Boston,* 98 Mass. 39; *Underhill v. The Town of Washington,* 46 Vt. 767; Wade on the Law of Notices, secs. 1312, 1313.

And in 28 Cyc., p. 1459, it is said that: "Service of notice or presentation of the claim must be made in the manner prescribed by the statute; or, if not prescribed, then as provided by general law for the service of notice, and within the time prescribed. The notice or statement must be served upon or presented to the board or officers designated in the statute to be notified, such as the corporation counsel, or city council."

It may be that if the *city clerk* and council were, in fact, presented with the notice within the time limited by the stat-

ute, it would be a sufficient service upon the clerk, though it had actually been brought before him by the mayor. But I am unable to find in the complaint any fact alleged that would warrant the conclusion, or even inference, that these things occurred. How it can be said that the allegation "that the mayor, clerk and board of aldermen all had full notice of the accident and plaintiff's injuries in their official capacity within ninety days thereafter," "may be construed to charge that the mayor, clerk and council were in fact presented with the notice so served on the mayor" is beyond my comprehension. Neither can I conceive that there is anything ambiguous in the language quoted from the complaint. How can it be said that an allegation that certain persons "had full notice of the accident and plaintiff's injuries in their official capacity" is in any wise ambiguous? There is not the slightest intimation in such allegation that the notice of the injury required by the statute, as a condition precedent to plaintiff's right to maintain the action, had ever been brought before the clerk or the council, or that they had knowledge of its existence. It is said in the opinion that "there is no claim that the city council did not have full or sufficient notice, or that they did not act on it." The very fact that a demurrer was filed to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action in respect to the service of the notice, is essentially a claim that the city did not have full and sufficient notice to make it liable under the statute. Moreover, that which the statute required the plaintiff should do, as a condition precedent to maintain his cause of action, can not be legally excused by the courts, even though the latter should think the requirement harsh or unwise. To do so is to annul legislation and determine the rights of litigants, not in accordance with the law of the land, but as the court thinks the law should be.

I am authorized to state that Mr. Justice Hill and Mr. Justice Garrigues concur in the views I have herein expressed.

GABBERT, J.          •

There is an additional reason why the judgment should be reversed. The plaintiff's cause of action is the alleged negligence of the city. In order to maintain his action, unless legally excused, he is required to give the statutory notice. The purpose of this notice is to afford the municipal authorities opportunity to investigate his claim, and take steps to protect the city. It is, therefore, solely for the benefit of the city, and service upon the official designated in the statute may be waived. In my opinion, the complaint alleges facts from which it appears that service of notice upon the clerk was waived.