[No. 7256.]

## CITY OF CANON CITY v. COX.

1. MUNICIPAL CORPORATIONS — *Personal Injury—Notice*—The purpose of the statute which requires notice of a personal injury attributed to the neglect of a municipal corporation, to be served upon the city clerk, as a condition precedent to the maintenance of an action (Rev. Stat. sec. 6661) is to afford opportunity to the municipal authorities to investigate the nature and cause of the injury while conditions remain substantially the same.

A complaint against the city, demanding damages for the alleged injury, describing it with particularity, served upon the mayor within the statutory period, by him delivered to the clerk, and brought to the attention of the city council, the action being subsequently discontinued, and a new action instituted, is a compliance with the statute.

2. ——*Liability for Negligence*—A park commission in charge of a public park are municipal officers and are bound to exercise reasonable care to maintain in reasonably safe condition devices there kept for the amusement of children. If by their failure in this behalf a child playing there comes to injury, the city is liable. *Denver v. Spencer*, 34 Colo. 270 followed.

3. ——*Constructive Notice of Defects*—Where for a considerable time, a year or thereabouts, a device maintained in a public park for the amusement of children has been in defective condition, the city will be presumed to have notice of the defect.

4. DAMAGES — *Excessive — Personal Injury* — Eight thousand dollars held not an excessive allowance to a young child for an injury resulting in much suffering, and the final loss of an arm.

5. PRACTICE IN SUPREME COURT—*Questions not Presented Below*, will not be considered.

*Appeal from Fremont District Court.*—Hon. CHARLES CAVENDER, Judge.

Mr. HARDY SAYRE, Mr. AUGUSTUS PEASE, for appellant.

Mr. JOSEPH H. MAUPIN, Mr. JAMES T. LOCKE, for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff, commenced an action against the City of Canon City to recover damages sustained by

the alleged negligence of the latter. The verdict and judgment were in her favor. The defendant appeals.

The first point made by counsel for appellant is that the preliminary notice of injury for which damages were claimed as required by section 6661, R. S. 1908, was not given the city. This section is as follows:

"No action for the recovery of compensation for personal injury or death against any city of the first or second class, or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city or recorder of the town by the person injured, his agent or attorney, within ninety days (90) days, and the action is commenced within two years from the occurrence of the accident causing injury or death * * * ."

Within sixty days of the injury plaintiff instituted a suit against the city without having given the notice required by the above section. Before an answer had been filed by the city, plaintiff voluntarily dismissed this action and commenced the one under consideration. In her complaint in this action she charged that within ninety days of the date of her injury, and before the commencement of this action, written notice of the time, place and cause of her injury was given to, and received by, the clerk of the city; that this notice was entitled *"Genevieve Cox, by Grant Cox, her father and next friend, Plaintiff, v. The City of Canon City, Defendant,"* and was designated "Complaint," and was signed "Joseph H. Maupin, Attorney for the Plaintiff." It further appears from apt averments that this notice described with particularity the time, place and cause of injury to plaintiff, and fully complied with the requirements of the statute in these respects.

At the trial of the cause it developed that the notice so claimed to have been given was a copy of the summons issued in her original action, to which was attached a copy

of her complaint in that suit. These copies were served on the mayor by a deputy sheriff less than sixty days after the injury. Very shortly thereafter, the mayor delivered these copies to the city clerk. At a meeting of the city council a few days after the service of the summons and complaint on the mayor, at which all the members were present, the record of the proceedings then had show that "Mayor Tanner reported that summons from the district court, wherein Genevieve Cox sues the city for twenty thousand dollars damages for injuries alleged to have been sustained on account of a fall at the city park, had been served on him by the sheriff of Fremont County."

The first question to consider is whether the statute requiring a notice as a condition precedent to the right to maintain the action was complied with. We think it was. The object of the statute is to require a plaintiff to advise the city, through its executive officers, in what its alleged negligence consists, and afford it an opportunity at an early date to investigate the nature and cause of the injury, while the conditions remain substantially the same. —*City of Denver v. Saulcey,* 5 Colo. App. 420, 38 Pac. 1098; *City of Pueblo v. Babbitt,* 47 Colo. 596, 108 Pac. 175.

The statute says this notice shall be served upon the clerk and evidently contemplates that through this channel the claim thereby made will be called to the attention of the city council or other proper officials. In the case at bar it appears that the claim of plaintiff was brought to the notice of the council when in session by the mayor. The copy of the complaint in the case was then in the hands of the clerk. True, plaintiff could not maintain her action without the service of the notice contemplated by the statute, but when it appears, as it does, that by means of a copy of the summons to which was attached a copy of her complaint, issued and filed in her first action, the identical officer named in the statute was advised of her

claim, together with the action of the mayor by his report to the council in session, that he had been served with summons in the case, the object of the law was accomplished, and that the service of these papers constituted such notice as would enable plaintiff to maintain her second action, in so far as the question of the statutory preliminary notice is involved. In other words, the city authorities were thereby advised of the claim of plaintiff, the cause of her injury, and the time and place where it occurred, as set out in her second action. This is the main purpose of the law, and in the circumstances of this case we think it was carried out, and the requirements of the statute on the subject of notice complied with.—*Powers v. City of Boulder*, 54 Colo. 558, 131 Pac. 395.

It is also urged on behalf of appellant that the copy of the summons and complaint introduced in evidence as having been served upon the mayor, and which afterwards reached the clerk, were not sufficiently identified to justify admission. Without reviewing the evidence on this subject, we think it is sufficient to say that in our opinion there is no merit in this claim.

On behalf of the city it is claimed that the copies of the summons and complaint did not constitute the statutory notice. These copies conveyed all the information which the statute requires, and more. They were signed by the plaintiff's attorney, and although they were designated copies of a summons and a complaint, they served the purpose to convey the information therein contained, regardless of their designation by name.

It is next contended that the copy of the complaint was not intended or taken by anybody as a statutory notice. At the time of the service this was probably true, but as by this means it appears such notice was given, the city as would permit the plaintiff to maintain her second

action, we think the original purpose of the service is immaterial.

Plaintiff, at the time of her injury, was about seven years of age, and was injured while engaged in play with two girl companions a trifle older, on a parcel of land owned by appellant, and located within the corporate limits of the city and generally known as its city park. The children were playing with a contrivance known as a merry-go-round, which consisted of a wooden post set in the ground, and extending about three feet above the surface, across the top of which a plank about twelve feet in length was balanced by means of an iron pin through the center of the plank and the top of the post. This plank could be rocked like a teeter-board, and also swung around. Plaintiff and one of the other girls were on the board, one at each end, with the third pushing them around, when the plank fell on plaintiff, breaking her arm. This contrivance, with the knowledge and consent of the city, had been constructed and maintained by a voluntary association known as the "Civic Improvement League." Later the park was under the control of the park commission appointed by the mayor and council. This commission, at the time of plaintiff's injury, had the exclusive management and control of the park. Counsel for the city urge that the evidence is insufficient to establish liability of the city for the reasons: (1) The control of the park was under the exclusive control of the commission; (2) the merry-go-round was a mere amusement contrivance, and in constructing and maintaining it the city was acting in a governmental capacity, and was not liable for injuries to users resulting from defective construction or maintenance; and (3) that it was not defective, or, if it was, the city did not have notice of its defective condition.

The first two propositions can be considered together. The park was the private and exclusive property of the

city. Its exclusive management and control was in the hands of a park commission appointed by its authority. The commissioners were, therefore, municipal officers, and they were bound to exercise reasonable care to maintain the device in question in a reasonably safe condition. Their failure to do so would constitute negligence for which the city is liable if such negligence was the proximate cause of plaintiff's injury. This question is authoritatively settled in *City of Denver v. Spencer,* 34 Colo. 270, 2 L. R. A. (N. S.) 147, 114 Am. St. 158, 82 Pac. 590; and further discussion of the subject is unnecessary. See, also, *City of Denver v. Rhodes,* 9 Colo. 554, 13 Pac. 729; *City of Denver v. Dunsmore,* 7 Colo. 328, 3 Pac. 705; *City of Denver v. Cappelli,* 4 Colo. 25, 34 Am. R. 62; *Barnes v. District of Columbia,* 91 U. S. 540, 23 L. Ed. 440.

With respect to the third proposition, the evidence discloses without question that the city knew of the existence of the merry-go-round for about two years previous to plaintiff's injury. It appears that the pin which held the plank to the post was without a key, or any suitable appliance to prevent it coming out; that is, the pin was merely held in place by its own weight. The whirling of the plank had worn the hole in the post and plank by means of which the plank, as a witness expressed it, was "wobbly" or "shaky," because it would tilt sideways as a result of the hole being worn. It appears from the testimony that the contrivance had been in this condition for a considerable length of time, perhaps a year; that its condition rendered it unsafe, for the reason that the plank was liable to fall when being whirled or teetered, and that, in fact, it had fallen several times, when being used by children. We think this evidence was sufficient to sustain the finding of the jury that the defendant was guilty of actionable negligence. The city will be presumed to have what in law is termed constructive notice of a defect for which it may be liable, when it has existed

for such a length of time prior to an injury therefrom, that its proper official, by the exercise of ordinary diligence, could have ascertained its existence. *City of Denver v. Hyatt,* 28 Colo. 129, 63 Pac. 403.

The jury returned a verdict for twelve thousand eight hundred dollars. In ruling on the motion of appellant for a new trial, the court announced that it would be granted unless plaintiff would agree to remit the sum of four thousand eight hundred dollars. Counsel for plaintiff accepted the reduction. The motion for a new trial was overruled, and judgment entered for eight thousand dollars. This judgment the defendant claims is excessive. We do not so regard it. Plaintiff sustained a compound fracture of the left arm above the elbow; the tissues were badly contused, and fragments of the fractured bones penetrated the flesh. The wound developed a poison called "gas germ." Gangrene set in, and, in order to save plaintiff's life, the arm was amputated at the left shoulder joint. For such a serious injury we do not think it can be said that eight thousand dollars is an excessive award. At the oral argument it was suggested that, in as much as the trial judge ruled that the verdict was excessive, a new trial should have been granted unconditionally. That question was not called to the attention of the trial court; neither is there any assignment of error covering it.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

Chief Justice Musser and Mr. Justice Hill concur in the affirmance of the judgment and in the opinion, except as it may be modified by the following opinion by Chief Justice Musser:

Mr. Justice Hill and myself are of opinion that when the notice required by the statute is signed by the person injured, his agent or attorney, it is immaterial who serves

it upon or leaves it with the clerk, so that it reaches that officer within the time. In this case the summons and complaint in the former action, signed by the attorney for the person injured and stating the time, place and cause of the injury was delivered by the mayor to the clerk within the ninety days. This, in our opinion, was a full compliance with the statute.