## No. 16,514.

FISHER *v.* CITY AND COUNTY OF DENVER.
(225 P. [2d] 828)

Decided December 18, 1950.

Messrs. Menin & Conry, for plaintiff in error.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, Mr. Ty R. Williams, for defendant in error.

Mr. Justice Alter delivered the opinion of the court.

George A. Fisher brought an action against the City and County of Denver to recover judgment for damages for personal injuries allegedly received by him as a result of a fall on a crosswalk in the city.

The city appeared, filed a motion to dismiss the action, which motion was granted, and judgment was entered in its favor for costs. To review the judgment plaintiff brings the cause here by writ of error.

In the complaint filed in the district court on December 30, 1949, it is alleged that through the negligence and carelessness of the city in maintaining its sidewalks, defendant, on August 28, 1949, at about 11 o'clock P.M., while walking on the sidewalks, stepped into a hole therein, fell and sustained serious injuries; that as a result thereof he suffered great pain, incurred medical expenses, and sustained a loss of income, all to his damage in the sum of $2,000.00. It is further alleged that pursuant to the provisions of section 231, chapter 163, '35 C.S.A., notice was duly served upon the "clerk of the City and County of Denver as provided by law," a copy of which notice is attached to the complaint.

It is further alleged:

"That a Notice in writing was given to the Mayor of the City and County of Denver on the 15th day of September, 1949 in the form of a Complaint and Summons, to which there was attached the Notice of Injuries referred to in paragraph 4 hereof, giving the details of said injuries, which was served on Mae Hynes, Clerk and

Recorder & Ex-Officio Clerk of the City & County of Denver, the agent and appointee of the said Mayor and agent for service for the City and County of Denver. That the Mayor acknowledged receipt thereof by reason of an Answer being filed on the 5th day of October, 1949 on behalf of the City and County of Denver, which Answer showed the address of the defendant to be 350 City and County Building, Denver, Colorado, which is the office of said Mayor. That said Answer admitted receipt of the Notice of Injuries.

"That by reason thereof, the Mayor of the City and County of Denver received said Notice in writing within 60 days of the date said damages and injury occurred, pursuant to Section 158, Article VIII of the Charter of the City and County of Denver. A copy of said Complaint and Summons and Answer is on file in the office of the clerk of the District Court of the City and County of Denver under No. A66726, and is part of the records of this Court."

Attached to the complaint as Exhibit A is a "Notice of Injuries," addressed "To the Clerk of the City and County of Denver, State of Colorado:"

The record discloses that summons was issued by the attorneys for plaintiff on December 29, 1949, and the return thereof shows service on the "City and County of Denver, a Municipal Corporation, by handing to and leaving with Quigg Newton, it's Mayor, Denver, January 3, 1950."

On January 23, 1950, the City and County filed its motion to dismiss upon the ground that it affirmatively appears that plaintiff failed to "serve" notice of his claim upon the Mayor of the City and County of Denver, pursuant to and as required by section 158 of the charter of said city. The motion to dismiss was heard by the district court on the 3rd day of April, 1950, whereupon the court granted the same and gave plaintiff leave to file an amended complaint. Thereafter and on April 11, 1950, plaintiff elected to stand upon his complaint,

whereupon judgment of dismissal was entered in favor of defendant with costs.

The only point specified as error is the granting of the motion to dismiss.

Section 158, Article VIII of the Charter of the City and County of Denver provides: "Before the city and county shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks or other public places of the city and county, *the person so injured or someone on his behalf, shall, within sixty days after receiving such injuries, give the mayor notice, in writing of such injuries,* stating fully in such notice, when, where and how the injuries occurred and the extent thereof." (Italics ours)

■ It may be said that the purpose of requiring notice of injuries, as provided in section 158, supra, is two-fold: First, in order that the defendant may have full opportunity of investigating: the scene of the accident; the alleged cause thereof; the extent of the injuries; the correction of defective conditions, if such exist, so as to avoid dissipation of the city's assets in payment of claims alleged due to the city's negligence; and, second, so that the city, having had a full opportunity of investigation, may determine therefrom its liability and settle the same without incurring needless expense of litigation.

■ Section 158, supra, is mandatory in that it requires, "the person so injured or someone on his behalf, *shall, * * * give the mayor notice,* in writing of such injuries * * *." The notice attached to the complaint is directed "To the Clerk of the City and County of Denver, State of Colorado," and plaintiff alleges that the notice was "served," without specifying the date, on the "Clerk of the City and County of Denver" as provided by law and cites section 231, chapter 163, '35 C.S.A., as the statutory authority for so doing. We have held that section 158, supra, entirely supersedes said section 231 so far as requiring notice relative to injuries occurring on

the "streets, avenues, alleys, sidewalks or other public places" of the City and County of Denver. *Horst v. Denver,* 101 Colo. 284, 73 P. (2d) 388. This attempted "service," as alleged by plaintiff, was ineffectual for any purpose whatever. The mayor, under the provisions of said section 158, is the person to whom notice must be given.

Plaintiff further alleges that a notice, such as is required by said section 158, "was given to the Mayor of the City and County of Denver on the 15th day of September, 1949, in the form of a Complaint and Summons to which there was attached the Notice of Injuries referred to in paragraph 4 hereof * * * *which was served on Mae Hynes, Clerk and Recorder & Ex-officio Clerk of the City and County of Denver, the agent and appointee of the said Mayor and agent for service for the City and County of Denver."* He alleges further that the mayor acknowledged receipt thereof by reason of an answer filed in said action, in which the City and County of Denver was properly named as defendant. The mayor was not a party to this action, and as such official did not appear therein. It should be observed that the "Notice of Injuries" attached to the summons and complaint so "served" on said Mae Hynes was addressed "To the Clerk of the City and County of Denver, State of Colorado" rather than to the mayor of said city and county. It is this service upon said Mae Hynes that plaintiff contends constitutes the giving of notice to the mayor as required by section 158 of the charter.

In plaintiff's brief it is stated that at sometime after October 5, 1949, the action against the City and County of Denver, begun September 15, 1949, by the filing of the summons and complaint, mentioned in the preceding paragraph, was voluntarily dismissed without prejudice, and, as we have said, the action with which we are now concerned was commenced by the filing of the complaint on December 30, 1949.

There is no charter provision or court decision called

to our attention authorizing the mayor of the City and County of Denver to lawfully constitute any person as "the agent and appointee of the said Mayor and agent for service for the City and County of Denver," and in the absence thereof, we are constrained to hold that such power is nonexistent, for otherwise the provisions of the charter can be entirely ignored and nullified, and the city and county put to the annoyance and expense of litigation at the whim of the mayor. Here the "service" on the clerk did not "give" the mayor the notice required by said section 158 as a prerequisite to a legal action; it was ineffectual for that purpose. 38 Am. Jur., p. 391, §686; 18 McQullin, Municipal Corporations (3d ed.), p. 595, §53.160; neither could the clerk accept service on behalf of the city and county; nor could the mayor or the city attorney voluntarily, or in any other manner, waive the giving of the notice definitely and specifically required by the provisions of the charter. 153 A.L.R., p. 330; *Denver v. Saulcey,* 5 Colo. App. 420, 38 Pac. 1098.

Plaintiff cites our decisions in *Powers v. City of Boulder,* 54 Colo. 558, 131 Pac. 395, and *City of Canon City v. Cox,* 55 Colo. 264, 133 Pac. 1040, in support of his position that the "service" here was valid and within the provisions of said section 158. The records in both these cases have been carefully studied, and we believe they are such as to make these decisions inapplicable.

In *Powers v. City of Boulder, supra,* the only objection raised to the notice or service thereof, as required by the statutory provisions, was that the notice was served on the mayor rather than the city clerk. The record, however, discloses that the notice was brought to the attention of, and actually given to the city clerk by the mayor, and further that the city council officially acted upon the same. With reference thereto we said: "Under these circumstances the complaint may be construed to charge that the mayor, clerk and council were in fact presented with the notice so served on the mayor, and that they acted officially thereon, and within the time

required by law. If so, then every purpose of the notice was accomplished."

In *City of Canon City v. Cox, supra,* from the record it appears that within sixty days from the date of the injury plaintiff instituted a suit without giving the city the statutory notice, and thereafter that suit was voluntarily dismissed. Subsequently and within ninety days of the time of the injury, and within the statutory time "and before the commencement of this action, written notice of the time, place and cause of her injury was given to, and received by, the clerk of the city; * * *." The notice so given was entitled "Complaint" and was signed by plaintiff's attorney. "It further appears from apt averments that this notice described with particularity the time, place and cause of injury to plaintiff, and fully complied with the requirements of the statute in these respects."

It developed at the trial that the notice was a copy of summons issued in plaintiff's original action, which was, as we have said, voluntarily dismissed, and attached was a copy of the complaint in that suit. It was served on the city clerk. The record further shows that at a meeting, at which all of the council, together with the mayor and city clerk were present, the notice was brought to their attention. We there held that under the circumstances there present there had been a sufficient compliance with the statute, but further said: "The statute says this notice shall be served upon the clerk and evidently contemplates that through this channel the claim thereby made will be called to the attention of the city council or other proper officials. In the case at bar it appears that the claim of plaintiff was brought to the notice of the council when in session by the mayor. The copy of the complaint in the case was then in the hands of the clerk. True, plaintiff could not maintain her action without the service of the notice contemplated by the statute, but when it appears, as it does, that by means of a copy of the summons to which was attached

a copy of her complaint, issued and filed in her first action, the identical officer named in the statute was advised of her claim, together with the action of the mayor by his report to the council in session, that he had been served with summons in the case, the object of the law was accomplished, and that the service of these papers constituted such notice as would enable plaintiff to maintain her second action, in so far as the question of the statutory preliminary notice is involved."

The factual situations presented in *Powers v. City of Boulder, supra,* and *City of Canon City v. Cox, supra,* are entirely different from the one now before us. Here there is no attempt to show that the notice, summons or complaint, served on the city clerk on September 15, 1949, were ever brought to the attention of the mayor, the official to whom the charter provides notice must be given; there is no attempt to establish that plaintiff's claim for injuries or notice thereof was ever brought to the attention of the city council. Under these circumstances, as we have said, neither the mayor nor city attorney were empowered or authorized to waive the express provisions of the charter.

The right to maintain an action against a municipality in its governmental capacity for injuries resulting from its negligence is derived from statutes or charters, and in either event reasonable conditions imposed as a condition precedent to the right to maintain the action are mandatory. In the case at bar, it was necessary that the notice specify when, where and how the injuries occurred and the extent thereof, and, in addition thereto, the person so injured, or someone in his behalf, should have given the mayor notice in writing of such injury within a specified time thereafter. The charter provisions are mandatory, and compliance therewith is a prerequisite to the maintenance of a legal action. It was so held in *Denver v. Saulcey, supra,* and, under the factual situation here, comparable to the factual situa-

tion presented in that case, we hold that a correct principle of law was there announced, to which we adhere. Accordingly, the judgment is affirmed.

MR. JUSTICE MOORE does not participate.