**Catherine I. CRAWFORD, Plaintiff,**

v.

**CITY AND COUNTY OF DENVER, a municipal corporation, and Frontier Airlines, Inc., a Nevada corporation, Defendants.**

**Civ. A. 67–C–231.**

United States District Court
D. Colorado.

June 15, 1967.

Grant, Shafroth, Toll & McHendrie, by, Donald M. Burkhardt, Denver, Colo., for plaintiff.

Wood, Ris & Hames, by, Thomas T. Crumpacker, Denver, Colo., for defendant City and County of Denver.

Yegge, Hall, Treece & Evans, by, James C. Perrill, Denver, Colo., for defendant Frontier Airlines, Inc.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on the motion of the defendant City and County of Denver to dismiss the complaint for failure to state a claim upon which relief may be granted. The complaint alleges that plaintiff was injured as a result of the negligence of defendant City and County of Denver and defendant Frontier Airlines, Inc., in failing to operate and maintain in a safe condition a terminal ramp at Stapleton Airfield.

The movant urges that plaintiff failed to give timely notice of her injuries, as required by the Charter of the City and County of Denver and the statutes of the State of Colorado. Section A 10/10 (Article X of the Charter of the City and County of Denver) provides as follows:

Before the City and County shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks or other public place of the City and County, the person so injured or someone on his

**52**

behalf, shall, within sixty days after receiving such injuries, give the Mayor notice, in writing, of such injuries, stating fully in such notice, when, where and how the injuries occurred and the extent thereof.

Similarly, Colo.Rev.Stat.Ann. § 139–35–1(1) provides that:

No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place, and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety days * * * from the occurrence of the accident causing the injury or death.

■■ It is plaintiff's position that in maintaining and operating Stapleton Airfield the City and County of Denver is acting in a *proprietary*, as distinguished from a governmental, capacity, and that the notice requirements are not applicable to accidents stemming from the municipality's exercise of proprietary functions. We agree with plaintiff.

It is the prevailing view in this country that the operation and maintenance of an airport constitutes a proprietary function on the part of a municipality, see 18 McQuillin, Municipal Corporations, § 53.96 at p. 389 (3d ed. revised, 1963); Annot., 66 A.L.R.2d 634 (1959); and the Colorado Supreme Court also appears to subscribe to this rule, City and County of Denver v. Publix Cab Co., 135 Colo. 132, 308 P.2d 1016 (1957). This view is also corroborated by the language of the Revised Municipal Code of the City and County of Denver, § 371.1–1, which provides that:

Stapleton Airfield shall be a proprietary terminal facility of the City and County of Denver for the development, promotion and accommodation of air commerce, air travel and air transportation.

Moreover, the Colorado Court has construed the notice requirements concerning municipal liability to be applicable only to those injuries caused by a municipality acting in its governmental, non-proprietary capacity. City and County of Denver v. Taylor, 88 Colo. 89, 292 P. 594, 72 A.L.R. 833 (1930). Our analysis of the Colorado law on this point is also shared by McQuillin, supra, § 53.155 at p. 565; and a federal district court in Collins v. City of Memphis, 16 F.Supp. 204, 206 (W.D.Tenn.1936).

We conclude that the failure to comply with the notice requirements does not bar plaintiff's claim, and it is therefore ordered that the motion of defendant City and County of Denver to dismiss the complaint be and hereby is denied.