No. 22166.

WAYNE WILSON AND MARY LOU WILSON, INDIVIDUALLY AND AS NEXT FRIENDS TO CANDACE WILSON *v.* THE CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION.
(449 P.2d 822)

Decided January 27, 1969.

McLean & McLean, Marjorie W. McLean, David G. Manter, for plaintiffs in error.

Max P. Zall, City Attorney, Lloyd A. Shinsato, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

The City and County of Denver permitted winter sledding upon designated portions of its Willis Case Golf Course. Candace Wilson, a ten-year-old infant, was injured on March 8, 1964 when she struck a metal post while sledding on this municipal property, and an action was brought against Denver in her behalf by plaintiffs (her parents who are plaintiffs in error here). The court dismissed the action as notice had not been given to Denver's clerk as provided by C.R.S. 1963, 139-35-1.

██ Denver's charter provides that before it shall be liable for damages to any person injured upon any of the "streets, avenues, alleys, sidewalks or other public

places" of the city notice must be given within 60 days to the *mayor*. The above cited statute makes as a condition precedent to an action for personal injuries the giving of notice within 90 days to the city's *clerk*. On March 20, 1964, plaintiffs' attorney gave notice to the mayor under the charter provision, sending a copy to the city attorney. The golf course is not an "other public place" as the term is used in the charter (*Denver v. Taylor*, 88 Colo. 89, 292 P. 594) and the notice should have been directed to the city's clerk rather than the mayor. *Horst v. Denver*, 101 Colo. 284, 73 P.2d 388.

Three days following transmittal of the notice to the mayor, an assistant city attorney wrote to plaintiffs' attorney as follows:

"This is to acknowledge receipt of your letter to Mayor Currigan in connection with Candace Wilson, which has been referred to this office for investigation and appropriate action.

"Please direct any inquiries concerning this matter to the Office of the City Attorney, 353 City and County Building."

A week later this assistant city attorney contacted the plaintiffs' attorney and requested that he and Candace's father accompany an investigator for Denver to the Willis Case Golf Course so that the latter could make an investigation of the accident. There was compliance with this request. At the time of the inspection of the scene, the investigator advised Candace's attorney that if the city needed any further information they would call him, and that after the investigation was complete someone from the city attorney's office would be in touch with him. Nothing more was heard from Denver and this action was filed nearly eight months following the accident. In its answer Denver for the first time took the position that it had not been given proper notice. We have concluded that Denver is not in position to raise this defense.

*Powers v. Boulder*, 54 Colo. 558, 131 P. 395, involved a matter in which notice should have been served on the

city's clerk. The complaint alleged that notice had been served on the mayor, who advised that he would accept service of notice on behalf of the city and that plaintiff need not serve any other notice. The complaint further alleged that the council and the clerk had full notice of the accident within the 90-day period prescribed by statute. In a 4 to 3 decision it was held that the purpose of the statute had been accomplished and that the de-murrer to the complaint should have been overruled. The three justices dissenting thought that the giving of notice to the clerk as provided by the statute was a condition precedent to the right to maintain the action.

*Fisher v. Denver,* 123 Colo. 158, 225 P.2d 828 involved a sidewalk injury and, therefore, under the charter pro-vision notice should have been given to the mayor. Instead notice was served on the city's clerk of the accident which occurred on August 28, 1949. The complaint, filed on December 30, 1949 alleged:

"That the Mayor acknowledged receipt [of the notice] by reason of an Answer being filed on the 5th day of October, 1949 on behalf of the City and County of Denver, which Answer showed the address of the defendant to be 350 City and County Building, Denver, Colorado, which is the office of said Mayor. That said Answer admitted receipt of the Notice of Injuries."

In *Fisher, Powers* was distinguished as the record in the latter disclosed that notice was brought to the attention of and actually given to the city clerk by the mayor and that the city council had officially acted upon the same. In *Fisher* it was held that compliance with the charter provision was mandatory and that the attempt at service of notice was ineffectual for any purpose whatsoever. It was stated:

"Here the 'service' on the clerk did not 'give' the mayor the notice required by said section 158 as a prerequisite to a legal action; it was ineffectual for that purpose. 38 Am. Jur., p. 391, §686; 18 McQullin, Municipal Corporations (3d ed.), p. 595, §53.160; neither could the clerk accept

service on behalf of the city and county; nor could the mayor or the city attorney voluntarily, or in any other manner, waive the giving of the notice definitely and specifically required by the provisions of the charter. 153 A.L.R., p. 330; *Denver v. Saulcey,* 5 Colo. App. 420, 38 Pac. 1098."

It.may be observed that the statement concerning waiver was not necessary to the result reached by the opinion.

We can find no difference in the rules to be applied under the statute, where service is to be made upon the clerk, and under the charter, where service is to be made upon the mayor. This is not as strong a case from the plaintiff's standpoint as *Powers.* While the facts here are closer to an estoppel situation than one of waiver, there can be little doubt that, under the spirit of *Fisher* and of the dissent in *Powers,* the judgment here would be affirmed.

█ Under Denver's charter the city attorney is responsible for the conduct of all cases in court wherein the city is a party. It may be assumed that attorneys in that office who act with respect to personal injury claims are familiar with the law as to notice above set forth. On the other hand, an attorney not familiar with *Denver v. Taylor,* 88 Colo. 89, 292 P. 594, might easily conclude that a municipal golf course was a "public place." For the city attorney's office to act as it did here is basically unfair. The purpose of the statute was accomplished and, by reason of the assuring acts of the city attorney's office, the city is estopped to question the propriety of the notice. While not in point as to facts, there is authority to the effect that a city can be estopped. *Franks v. Aurora,* 147 Colo. 25, 362 P.2d 561; *Denver v. Stackhouse,* 135 Colo. 289, 310 P.2d 296.

The judgment is reversed and the cause remanded with direction that the order of dismissal be vacated.

MR. JUSTICE DAY and MR. JUSTICE HODGES concur.