## No. 23292.

WILLIAM C. JACOB *v.* CITY OF COLORADO SPRINGS, COLORADO, A MUNICIPAL CORPORATION.

(485 P.2d 889)

Decided June 14, 1971.

L. B. ULLSTROM, LEO A. HOEGH, for plaintiff in error.

HORN, ANDERSON & JOHNSON, LOUIS JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS writ of error seeks review of an order granting a motion to dismiss a complaint. The complaint alleged negligent operation and maintenance of a power line of the defendant city. The ground for the dismissal was that the plaintiff did not give written notice to the city clerk within 90 days following the injury, as required by C.R.S. 1963, 139-35-1(1). We affirm.

The plaintiff owned two lots which were traversed by an uninsulated high voltage power line of the city. The plaintiff wished to build a residence on the lots and requested the city to remove and relocate the power lines so that they would not be within the area to be occupied by the residence. The city did not comply with the request. Eight or nine months later, between August 1, 1966 and August 16, 1966, the plaintiff notified the city that he was in the process of constructing a house and renewed his request that the lines be relocated. On

August 5, 1966, an assistant city attorney wrote to the plaintiff, acknowledging that the city was aware of the plaintiff's construction, that the lines were a part of the city's system, and that the employees of the city's Department of Public Utilities, as well as the city attorney's office, knew that the high voltage lines constituted a threat to construction activity below. At about the same time the city completed 110-volt electrical connections at the construction site so that plaintiff and his employees could use electrical power tools. On about August 16, 1966, an employee of the Department of Public Utilities advised the plaintiff that the city would not remove the power lines until the plaintiff paid for the removal and further that no harm would result if two power lines were not touched at the same time. Three days later while nailing roof decking the plaintiff received an electrical charge from the power lines and was injured. No notice was given the city as required by the statute, although employees of the city's Department of Public Utilities knew of the accident. The action was filed approximately 10 months after the accident.

I.

The plaintiff argues that the statute requiring notice should not apply when the action is predicated upon negligence of a city while acting in a proprietary capacity. He cites *Denver v. Taylor,* 88 Colo. 89, 292, P.594 (1930), and *Crawford v. City and County of Denver,* 278 F. Supp. 51 (1967), in support of this proposition. While the concurring opinion in *Taylor, supra,* gives some support to plaintiff's argument, the majority opinion merely held that Denver's city auditorium was not a public place under its charter provisions providing for the giving of notice as a condition precedent to an action "for damages to any person for injuries upon any of the streets, avenues, alleys, sidewalks or other public places. . . ." We do not find *Crawford, supra,* persuasive, particularly since the matter of governmental immunity is not mentioned therein.

The fallacy of this argument is that the cities enjoy governmental immunity with respect to acts performed in their governmental capacity, and that the only reason for the statute is with respect to actions arising out of acts performed in a proprietary capacity.[1] We hold that the statute relates to matters which have arisen when a city is performing a proprietary function, as well as to any other actions which might be brought as a result of negligence for which the city may be responsible.

## II.

The plaintiff's second argument is that the question of whether the plaintiff should be excused from giving notice should have been submitted to a jury under the holding of *Colorado Springs v. Colburn*, 102 Colo. 483, 81 P.2d 397 (1938). There it was said that, under proper circumstances of mental and physical incapacity, the giving of notice may be excused, the question of sufficiency of the circumstances being one for the jury. The plaintiff here relies on allegations in the complaint that he sustained "[b]urns in the top of his head," suffered headaches and intermittent memory lapses, sustained fractures to a knee, vertebrae and ribs, and was totally disabled for four months and partially disabled for an additional two months. He did not allege nor make any showing that he was incapable of giving notice required by the statute. To the contrary, he alleged in the complaint that about ten days following the accident he signed a contract to pay for the removal and reinstallation of the power lines. He has not brought himself within the perimeter of *Colburn, supra*.

## III.

The plaintiff's third argument is that combined with the facts related at the beginning of this opinion, knowledge of the accident by the employees of the city's

---

[1] For a prospective change in the doctrine of governmental immunity, *See Evans v. Board of County Commissioners*, 174 Colo. 97, 482 P.2d 968 (1971); *Flournoy v. School District Number One*, 174 Colo. 110, 482 P.2d 966 (1971), and *Proffitt v. State of Colorado*, 174 Colo. 113, 482 P.2d 965 (1971).

106

Department of Public Utilities sufficed and formal notice was not required. The plaintiff cites no authority for this proposition, and we know of none. We, therefore, reject the contention. No estoppel-like situation is presented here such as was present in *Wilson v. City and County of Denver*, 168 Colo. 43, 449 P.2d 822 (1969).

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.