563 P.2d 959 (1977)
Sophronia J. JONES, Plaintiff-Appellant,
v.
Kurt W. KRISTENSEN and Regional Transportation District, Defendants-Appellees.
No. 76-234.
Colorado Court of Appeals, Div. I.
January 13, 1977.
Rehearing Denied February 24, 1977.
Certiorari Granted May 9, 1977.
*960 Frickey, Cairns & Wylder, P. C., Earl S. Wylder, Denver, for plaintiff-appellant.
Walberg & Pryor, Hugh G. Bingham, Denver, for defendants-appellees.
ENOCH, Judge.
Plaintiff appeals from a judgment dismissing her complaint for failure to file the 90-day notice provided for in § 24-10-109(1), *961 C.R.S.1973. We affirm in part and reverse in part.
The essential facts, for purposes of this appeal, are not in dispute. On May 22, 1975, plaintiff's car was struck from the rear by another car that had been rear-ended by a bus owned by defendant Regional Transportation District (RTD) and driven by one of its employees, defendant Kurt W. Kristensen. The bus driver, and an RTD supervisor who was called to the scene of the accident, talked with plaintiff and filed accident reports that day with RTD which included comments that plaintiff was complaining of pain in her shoulder. The report forms were transmitted to RTD's insurance carrier the following day. On June 6, 1975, the insurance carrier paid plaintiff for the damage to her car. The insurance carrier and RTD were aware of the accident within 24 hours after its occurrence. Without filing any written notice of the accident as required by § 24-10-109(1), C.R.S.1973 (Colorado Governmental Immunity Act), plaintiff filed this suit September 8, 1975, naming both the driver and RTD as defendants. It is acknowledged that RTD is a "public entity" and that the Act is applicable to RTD in this case.
Plaintiff first contends that there was substantial compliance with the notice requirements and thus the court erred in dismissing her complaint. Plaintiff points to the facts that RTD and its insurance carrier were aware of the accident and had made their own investigation; therefore she argues the purpose of the notice section of the statute was fulfilled and there was at least substantial compliance. This same argument based on similar facts was considered and rejected by the court in Jacob v. Colorado Springs, 175 Colo. 102, 485 P.2d 889. Following Jacob, we hold that under the facts of this case there was neither substantial compliance nor evidence of any excuse from giving notice.
Plaintiff also contends that defendants are estopped from successfully contending that she failed to file the required notice. We do not agree.
Though the doctrine of equitable estoppel may be applied against a public entity, the party alleging estoppel must show that, to her detriment, she changed her position in justifiable reliance on the words or conduct of the other party. City of Sheridan v. Keen, 34 Colo.App. 228, 524 P.2d 1390. Here, plaintiff makes no allegation nor is there evidence of any assurances or representations by RTD or its insurance carrier that compliance with notice requirements would be unnecessary. Furthermore, there is no allegation or evidence that plaintiff in any way changed her position to her detriment in justifiable reliance on any representation of defendants. See University of Colorado v. Silverman, Colo., 555 P.2d 1155 (announced Nov. 1, 1976); Wilson v. Denver, 168 Colo. 43, 449 P.2d 822.
Plaintiff further argues that the notice requirements of § 24-10-109, C.R.S.1973, are not applicable where, as here, the public entity carries liability insurance. It is plaintiff's position that since § 24-10-104, C.R.S.1973, provides that if a public entity has liability insurance "then such public entity shall be deemed to have waived the defense of sovereign immunity" that therefore the notice requirement as to public entities is also waived.
Plaintiff cities no authority for this position, and we find none. The notice provision is a condition precedent to the commencement of an action against a public entity, Antonopoulos v. Telluride, 187 Colo. 392, 532 P.2d 346, and we find no provision in the Act which alters the purpose or requirement of notice where the entity has elected to carry liability insurance.
Plaintiff's final contention is that even if the court was correct in dismissing the complaint against RTD for failure to give notice, the dismissal of the complaint against the driver in his individual capacity was error. We agree.
Although the language of § 24-10-109(3), C.R.S.1973, could be read to require that the 90-day notice must be given even when suit is brought against only the employee of a public entity, we conclude that the Immunity *962 Act, when viewed as a whole, does not indicate that the legislature intended such a result. Therefore, we hold that the common law right of action against a public employee is not affected by the Act.
Public employees may be liable for their own negligence, even when the defense of sovereign immunity is available to their employer. Liber v. Flor, 143 Colo. 205, 353 P.2d 590; Denver v. Madison, 142 Colo. 1, 351 P.2d 826. This includes drivers of public vehicles. See Johnsen v. Baugher, 92 Colo. 588, 22 P.2d 855. Accordingly, unless there exists a clear legislative intent to change the common law right of action against such employees, evidenced either from the express provisions of the Immunity Act, or by necessary implication, we will not impute to the legislature such an intent to do away with this common law right. See Uzzell v. Lunney, 46 Colo. 403, 104 P. 945.
We find no such clear expression of intent in the Immunity Act. Rather, a review of the Act as a whole indicates an intent to define and limit only the extent to which a public entity would be liable for its actions and those of its agents. This intent is revealed in the Legislative Declaration, § 24-10-102, C.R.S.1973, which provides:
It is ... recognized that the state and its political subdivisions by virtue of the services and functions provided, the powers exercised, and the consequences of unlimited liability to the governmental process should be liable for their actions and those of their agents only to such an extent and subject to such conditions as are provided by this article. The general assembly also recognizes the desirability of including within one article all the circumstances under which the state or any of its political subdivisions may be liable in actions other than contract .... (emphasis supplied)
Other sections of the Act further reveal that its purpose was to protect only the governmental entity. See §§ 24-10-104 through 108, C.R.S.1973.
Consequently, so long as no liability arises under the Immunity Act against the entity, an action against only the employee is not subject to the notice provision of the Act. See Antonopoulos v. Telluride, supra.
To effect the protection of the public entity which we find was intended by the express provisions of the Act, we also hold that, if there is a failure to give the notice required by § 24-10-109, the entity cannot be subject to liability as an indemnitor under § 24-10-110. Otherwise, claimants would be able to do indirectly what their failure to give notice prevented them from doing directly, i. e., reach the resources of the entity via this indemnity provision.
This result is in accord with Antonopoulos, supra, where the right of action against police officers of a town was held unaffected by the Immunity Act, and the town was held subject to liability as an indemnitor, even though notice complying with § 24-10-109 was not given. In that case, the indemnity liability arose under § 29-5-111, C.R.S.1973, which is limited to police officers, and which is wholly independent of the Immunity Act. In contrast, any indemnity liability to the public entity in the present case arises under § 24-10-110, C.R.S.1973, which is a part of the Immunity Act. As such, notice in compliance with § 24-10-109 must be given before the entity is liable for a judgment against an employee or the employee's cost of defense.
The dismissal of the complaint against RTD is affirmed. The dismissal of the complaint against the driver, Kristensen, is reversed, and the cause is remanded for further proceedings.
STERNBERG, J., concurs.
COYTE, J., concurring in part and dissenting in part.
COYTE, Judge, concurring in part and dissenting in part:
I agree that plaintiff's action against RTD should be dismissed. I do not agree *963 that a suit can nevertheless be maintained against the defendant employee.
The majority concludes that the notice provisions of the Immunity Act, §§ 24-10-101 et seq., C.R.S.1973, do not apply when a tort action is brought against only an employee of a public entity. This conclusion rests on the assumption that the legislature did not intend to abolish the common law right of action against the employee and such right consequently remains available to the plaintiff in this case. I do not agree.
Even if a right of action against an employee whose employer was immune existed at common law, see W. Seavey, Agency § 129C (1964), judicial principles of immunity and liability in this context are subject to legislative modification. And, in this state, common law doctrines concerning sovereign immunity have been abrogated in favor of legislative pronouncement. Evans v. Board of County Commissioners, 174 Colo. 97, 482 P.2d 968 (1971). It is therefore imperative that the Act be construed if possible so as to render it internally consistent. This the majority has failed to do.
The Act provides that the state is liable for its negligent conduct and that of its agents to the extent recognized in the article. Section 24-10-102, C.R.S.1973. The article specifically covers "all actions which lie in or could lie in tort," § 24-10-105, C.R.S.1973, including, I believe, an action against an employee. Other provisions of the Act support this construction.
Section 24-10-109(3), states that, with respect to the requisite notice of suit, if a claim is "against the state or an employee thereof, the notice shall be presented to the attorney general." The plain language of the section requires notice be given of a suit against the employee as well as the employer, and we should not disregard this clear meaning.
Further, the general intent of the legislature as evidenced throughout the statute appears to preclude liability of the employee under the circumstances presented here.
The employee is to be defended against claims based on negligence by the public entity, § 24-10-110(1)(a), C.R.S.1973, and judgments against the employee are to be paid by the entity. Section 24-10-110(1)(b). Even where the public entity has not been made a party to this action, which would be the procedural context of further litigation in this case, the public entity may still be liable under the act for costs of the employee's defense and the amount of the judgment. See § 24-10-110(3). Finally, § 24-10-111(1) bars an action against the employee in the event of a judgment against the entity, and a similar effect should obtain when the entity is discharged by reason of inadequate notice.
The majority has not fully considered the relationship between the various provisions of the Act. In addition, its interpretation necessitates the virtual obliteration of protection explicitly afforded the employee under § 24-10-110. Such an approach is contrary to established rules of statutory construction. Massey v. District Court, 180 Colo. 359, 506 P.2d 128 (1973).
The majority also relies on Antonopoulos v. Town of Telluride, 187 Colo. 392, 532 P.2d 346 (1975) for the proposition that the notice provisions of the Act do not apply when the suit is directed only against the employee. As the liability in that case arose under a statute distinct in effect from the Immunity Act, the Antonopoulos decision has no direct bearing on the question here.
I would affirm in its entirety, the judgment dismissing the complaint.